JUDGE DUVALL
delivered the opinion of the court:
William Carson died in the year 1856, leaving a will, in which, after specifying the advancements he had made to some of his children, and bequeathing specific legacies to such of . them as had received no advancements, he directed a sale of the whole of his estate, real and personal, and that the proceeds, after payment of his debts and the specific legacies *301 mentioned, should be equally divided among all his children, ten in number.
Douglass B. Carson, one of the children and devisees of the testator, died in 1854, two years prior to the death of his father. He was charged in the will with an advancement of $500.
The children of Douglass B. Carson brought this action against the executor and devisees of their grandfather, William Carson, claiming to be entitled to the one tenth of the estate which had been bequeathed to their father by the will; praying a settlement of the accounts of the executor, and judgment for what may be thus ascertained to be due them.
The executor answered, admitting the material facts charged in the petition. He alleges, however, that Douglass B. Carson was, at the time of his death, insolvent, and a non-resident of Kentucky, and was indebted to the estate of the testator upon two notes, one dated in March, 1852, for $450, with a credit of $72 78; the other for $500, dated December 10, 1853. The executor claimed that these debts were a proper charge against the estate of D. B. Carson, and that they should be deducted out of the share claimed by the plaintiffs in right of their father.
Upon the hearing, the court below decided that the plaintiffs were entitled to one tenth of the estate of the testator, but subject to the deduction claimed by the executor, on account of the two debts mentioned.
From that judgment the plaintiffs have appealed.
By the Revised Statutes, (sec. 1 of art. 2, p. 382) it is provided that “ when a devise is made to several as a class, or as tenants in common, or as joint tenants, and one or more of the devisees shall die before the testator, and another or others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devi-sees, unless a different disposition is made by the devisor.”
And by the 18th section of the Chapter on Wills, (p. 696,) it is also provided, that “if a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he *302 had survived the testator, unless a different disposition, thereof is made or required by the will.”
It seems to us that there can be no doubt or difficulty as to the proper construction and effect of these statutes. In the eases provided, for in both the sections, the surviving issue take the estate devised, not as heirs-at-law or distributees of the deceased devisee, but as legatees, directly and immediately, under and by virtue of the will. They take “ as the devisee or legatee would have done if he had survived the testator,” the effect of which is to confer upon the surviving issue the same estate and interest under the will as if the devise or bequest had been directly to them, instead of their father.
Such being the obvious effect and operation of the statutes, upon what principle can the debts against the ancestor of the appellants be regarded as a charge upon the legacy to which the latter are entitled as legatees ? The legacy in contest certainly never vested in the ancestor in his lifetime, and at his death he had no interest in the estate of his father, which devolved upon his children, as his legal representatives. They claim now, not in his right, but in their own right. Upon the death of the testator the legacy vested immediately in them, and can no more be subjected to the debts of their father than any other estate which may have been acquired by them since his death from any other source.
If D. B. Carson had survived the testator, he would have taken the estate bequeathed, and the whole of it, subject only to the charge for the advancement as contained in the will. As legatee, he would have been entitled to one tenth of the residuary fund, without any incumbrance or charge, except such as the will itself created. It is very true that in enforcing the payment of the legacy, the executor might have subjected a portion of it by way of set-off to the payment of the debts due by the legatee to the estate; but this right would have been founded upon equities wholly extrinsic, and having no connection with the will, or with any right derivable from it. So that it could not, with any proprietjr of speech, be said that the legatee, if he had survived, would have taken the estate bequeathed, subject to the payment of his debts to the testator. On *303 the contrary, he would have taken it, as already remarked, subject only to the conditions and incumbrances prescribed or created by the will itself. And, under the statutes referred to, his surviving issue take the estate bequeathed, as he would have done if he had survived the testator, and subject, in like manner, to no other charge than the will itself creates.
In any aspect of the case, therefore, the judgment complained of is erroneous. The appellants should have been adjudged entitled to one tenth of the fund which, upon a settlement of the accounts of the executor, maj'- have been found in his hands belonging to the estate of the testator.
The judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion.