## JONES *vs.* JONES' EXECUTOR.

[BILL IN EQUITY BY EXECUTOR, FOR CONSTRUCTION OF WILL, AND SETTLEMENT OF ESTATE.]

1. *Lapsed legacies; statutory provisions.*—Under section 1605 of the Code, a legacy or devise to a child, or other descendant of the testator, who dies before the testator, leaving children or other· descendants who survive the testator, does not lapse, and does not vest in the administrator of the deceased legatee or devisee, but passes directly to his ꞏ children or other descendants, in the same proportions as if they took ꞏ as his heirs-at-law or distributees; and ꞏhis widow takes no interest in it.

2. *Emancipation act of 1860 not retroactive.*—The act of February 25, 1860, "to amend the· law in relation to the emancipation of slaves," (Session Acts 1859-60, p. 28,) does not affect wills which had been admitted to probate before its passage.

ꞏAPPEAL from the Chancery Court of Dallas.

·ꞏHeard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by the executor of the last will and testament of Edward S. Jones, deceased, against the widow, devisees, and legatees of said testator, and the widow, children, and personal representatives of Richard Jones, deceased; and sought a judicial construction of the testator's will, and a· settlement of his estate. The testator died in Dallas county, where he resided, in December, 1858. By his will, ·which was executed in March, 1858, and admitted·to probate in December, 1858, said· testator devised and bequeathed the greater part of his estate, both real and personal, to his only son, Richard Jones; and made provision for the emancipation of several slaves, directing their removal to a non-slaveholding State, and the payment of a pecuniary legacy to each of them. ·Richard Jones died, intestate, a few weeks before the testator, leaving a widow and two infant children as his heirs-at-law and distributees. The testator's widow dissented from his will; and her share of the estate was allotted to her in this suit, without objection.from any of the other

parties. The chancellor held, that the legacy and devise to Richard Jones, under section 1605 of the Code, did not lapse by his death before the testator, and did not pass directly to his children, but vested in his administrator, to be administered and distributed by him under the statute regulating the distribution of intestates' estates; and this part of the chancellor's decree is here assigned as error by the children.

.E. W. PETTUS, for the appellants.—Section 1605 of the Code was designed to promote equality in the distribution of estates. The evil to be remedied was, that where a testator directed his property to be divided equally between his two children, the law would carry the direction into effect, if both the children survived him; but, if one of the children died before the testator, the surviving child would take three-fourths of the whole estate, (that is, one-half under the will, and one-fourth under the statute of distribution,) while the descendants of the deceased child would take only the remaining fourth. But it was no part of the object of the statute to provide for the widow or creditors of the deceased legatee; for their existence, in the absence of children or other descendants, does not prevent the lapse of the legacy. The statute expressly declares, that the legacy "vests in such child," &c.; and the last clause was simply intended to show the proportion in which the several children should take. To make it vest in the administrator, would subject it to the claims of the widow and creditors, and would contravene the express words of the statute. For decisions upon similar statutes, see *Fisher v. Hill*, 7 Mass. 86; *Yeates v. Gill*, 9 B. Monroe, 203; *Newbold v. Pritchett*, 2 Wharton, 46; *Scheiffelin v. Keesler*, 5 Rawle, 115. The English statute, on which are based the cases cited by the chancellor, declares that the legacy "shall take effect as if" the legatee had died immediately after the testator.—2 Jarman on Wills, 533.

JNO. T. MORGAN, contra, cited *Johnson v. Johnson*, 3 Hare,

157 ; In re *Moore*, 10 Hare, 178 ; *Griffiths v. Gale*, 12 Sim. 354 ; 13 Jurist, 421 ; 18 Law Journal, 361.

A. J. WALKER, C. J.—We have attentively considered the learned and able opinion pronounced by the chancellor, but it has failed to convince us of the correctness of the conclusion attained by him. We regard section 1605 of the Code as forbidding the lapse of a devise or legacy, because the legatee or devisee, being a descendant of the testator, died before the testator, if such legatee or devisee left a descendant. We further regard it as substituting the descendants of the legatee or devisee, for such legatee or devisee, to the right of receiving the legacy or devise ; and providing for an apportionment among such descendants, of the property bequeathed, in a manner conformable to the law which would have governed, if the devisee or legatee had survived the testator, and died intestate. That section of the Code is in the following words : "When any estate, real or personal, is devised or bequeathed to a child, or other descendants of the testator, and such legatee or devisee dies in the life-time of the testator, leaving a child or other descendants surviving such testator, such legacy does not lapse, *but vests in such child or other descendant*, as if such devisee or other legatee had survived the testator and died intestate." No importance can be attached to the want of the word "devise," in conjunction with the word "legacy," in that part of the section which declares that "such legacy does not lapse." The context supplies that word, and the section must be construed as if the reading of it were, "such legacy or devise does not lapse," &c. We, therefore, can make no distinction, in the operation of the statute, between devises and legacies.

If the statute had stopped with the announcement that the legacy or devise should not lapse, it would probably have followed, that the subject of the devise or legacy would have passed as by descent from the devisee, or gone into administration as part of the personal estate of the deceased legatee. If the statute, not stopping with the

mere prohibition of the lapse, had then proceeded to declare that the devise or legacy *should take effect* as if the death of the legatee or devisee had happened immediately after the death of the testator, it would have been plain, that the descendants of the devisee or legatee could only take as heirs or distributees under such devisee or legatee. With that feature, the statute would indicate a purpose to make the operation and effect of the bequest precisely what they would have been if the devisee had survived the testator. Prohibiting the lapse, and including that feature as to the effect of the devise, and omitting what follows after the prohibition of the lapse, our statute would have been, so far as it pertains to the question in hand, identical with the 33d section of the English statute of 1 Vic. ch. 26, under which it has even been held, that property bequeathed to a child, who died before the testator, would be transmitted by the will of the deceased child.—1 Jar. on Wills, (marg.) 311, 312; 2 ib. (m.) 726; *Johnson v. Johnson*, 3 Hare, 157. Our statute departs from the tenor of the English statute, where the clause prohibiting the lapse ends. It omits the emphatic declaration of the English statute, as to the manner in which the devise or legacy shall take effect; but, in the place of it, says, that the legacy or devise shall vest in the descendants left by the legatee or devisee, as if such devisee or legatee had survived the testator and died intestate. This variance from the language, and departure from the tenor of the English statute, forbid that we should take the construction of it as our guide. The legacy or devise, under our statute, must vest in the descendants of the devisee or legatee, and it must vest as if the devisee or legatee had survived the testator, and died intestate. The legacy or devise must vest in the persons named, and it must vest as if the specified contingency had occurred. Can we find an harmonious effect for both these requirements of the statute? We do not accomplish that object, if we make the descendants of the legatee or devisee take under such legatee or devisee as heirs or distributees. If the descendants so take the per-

sonal property, a legacy would not vest at all in the descendants of the legatee, but would vest in his administrator, for the purposes of the administration, and the descendants would only receive any residuum, which, upon the settlement of the administration, might be for distribution. *Reese v. Harris*, 27 Ala. 301. The law would cast the title upon the administrator; and thus the legacy would, in fact, vest in the administrator, in contravention of the express command of the statute that it should vest in the descendants of the legatee; and if the estate should be insolvent, the descendant would be denied even a remote benefit from property which the law declares shall be vested in him. It is apparent that such a view of the law would impair the force of one of its features, and in some cases utterly destroy the effect of that feature. On the other hand, we think the words, "as if such devisee or legatee had survived the testator, and died intestate," have an office assigned them perfectly consistent with their import, if we understand them as laying down a rule for dividing the property among the descendants. It vests in them as if the devisee or legatee had died, intestate, after the testator; that is, it vests in them in such shares or proportions as if the property had come to them as heirs and distributees of the legatee or devisee. This construction of the statute, doing violence to none of its words, allows an harmonious operation to all its parts. For these reasons, we adopt it, and decide, that the children of Richard Jones must, as devisees or legatees of the testator, take the property, real and personal, bequeathed to said Richard, to the exclusion of Richard's widow and administrator. Our conclusion in this case is also sustained by the Pennsylvania and Kentucky decisions in reference to a somewhat similar statute, collected on the brief of the appellant's counsel. *Descendant*, in the statute which we have been construing, can not be understood to include the widow of the legatee or devisee. The natural signification of the word is not broad enough to embrace the widow, and there is nothing in the context to force upon the word a meaning differing from its natural import.

[2.] The act of 25th February, 1860, entitled "an act to amend the law in relation to the emancipation of slaves," does not affect the bequest in the will of Edward S. Jones, in relation to the emancipation of slaves.—Acts 1859–60, p. 28. That will became effectual, at least, upon its admission to probate ; and as it was admitted to probate before the passage of the .act above .named, it is expressly saved from the operation of that act by the 5th section. *Hall's Heirs v. Hall's Executors*, at this term.

We do not notice in this opinion any other question raised by the assignments of error, because no other question has been presented by the counsel, either in oral argument, or in the briefs.

Reversed and remanded.