## The Girard Life Insurance, Annuity and Trust Company *versus* Wilson.

1. Grandchildren whose father died before their grandfather, the intestate, take the father's share in the real estate as well as the personal, subject to their father's debt to the intestate.

2. The question of such indebtedness cannot be raised in an action of ejectment by the grandchildren; it belongs exclusively to the jurisdiction of the Orphans' Court.

February 6th 1868.    Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ.    READ, J., at Nisi Prius.

Certificate from Nisi Prius: To January Term 1868, No. 213.

This was an amicable action of ejectment for one-sixth part of the real estate late of William Wilson, deceased, in which the Girard Life Insurance, Annuity and Trust Company, trustees of Susan A. Wister; and Margaret E. Wilson and William Wilson were plaintiffs, and Margaret Wilson, widow, John M. Wilson and others, heirs of William Wilson, deceased, were defendants. The following facts appeared by a case stated.

William Wilson, the decedent, died intestate on the 7th of. November 1853, leaving his above-named widow and a number of children and grandchildren, his heirs at law, and leaving a large real and personal estate. Amongst his grandchildren surviving him were the above-named Susan A. Wister, Margaret E. Wilson and William Wilson, who were the children of a son, James Wilson, who died before his father on the 27th of November 1847. At the time of his death, James owed his father $9486.43, for which judgment had been entered against him in 1845. On the 1st of January 1866, this debt amounted to $16,381.14, which was then reduced to $8697.14 by deducting from it James Wilson's share of his father's personal estate.

The value of the real estate of the intestate was fixed by agreement at $46,000, subject to the widow's interest and each child's share at $7666.66.

"If the court should be of the opinion that the plaintiffs were entitled to recover under the foregoing circumstances, then judgment to be entered for the plaintiffs for one-sixth of the real estate of William Wilson, subject to the life estate of the widow; but if the court should be of a contrary opinion, then judgment to be entered for the defendants."

The judge at Nisi Prius entered judgment for the defendants, delivering the following opinion:—

"William Wilson died intestate, leaving a widow and five children and three grandchildren, the children of a deceased son, James Wilson. James Wilson was indebted in his lifetime to his

[Girard Life Insurance Co. v. Wilson.]

father on a judgment, which had been entered in the Supreme Court in July Term 1845; he died November 27th 1847; his father, November 7th 1853. It is agreed that the one-sixth of the real estate which descended to the three grandchildren is less in value than the balance which remains due on the judgment, after deducting therefrom his share of the personal estate. This is a case stated in an amicable action of ejectment, in which the plaintiffs are the trustees of, and are vested with the interest of the three grandchildren. It is agreed that if the court should be of the opinion that the plaintiffs are entitled to recover, then judgment to be entered in their favor for one-sixth of the real estate, subject to the life estate of the widow, but if the court should be of a contrary opinion, then judgment to be entered for the defendants.

"There would be some technical difficulties in the way of plaintiffs' recovery in ejectment, and if those were removed, there would be technical difficulties against defendants' defence. But I assume from the argument, valuing plaintiffs' one-sixth, and from the written agreements which have been submitted to me, that both parties waive all such questions and desire the opinion of the court upon this point alone, whether the share of the grandchildren descended to them subject to the payment of their father's debt? Had James Wilson survived his father, his part of the inheritance unquestionably would have been so subject. It was, at the time of his father's death, a valid subsisting debt, no legal presumption of payment, from lapse of time, having then arisen.

"By the express provision of the Act of Assembly of 8th April 1833, Pamph. L. 316, 'the issue of a deceased child shall take, by representation, such share only as would have descended to such parent, if they had been living, at the death of the intestate.'

"It has accordingly been expressly decided that in an action by the grandchildren of an intestate against the administrators to recover a distributive share of the personal estate accruing to them in right of their parent, the defendant may set off a debt due by the parent of the plaintiff to the intestate: Earnest v. Earnest, 5 Rawle 213. It is true the contrary was held in Ilgenfritz's Appeal, 5 Watts 25, in which it was said that the grandchildren of an intestate take by substitution, not through but paramount to their parent. The property never was in the parent, consequently they did not inherit from him what he had not.

"But Ilgenfritz's Appeal was expressly overruled in McConkey v. McConkey, 9 Watts 352, and the law finally settled according to the decision of Earnest v. Earnest.

"It must be considered now as completely at rest. There is no distinction either in the words of the act or in reason between

[Girard Life Insurance Co. *v.* Wilson.]

real and personal estate. They are put upon precisely the same footing in the statute, as indeed they ought to be. Judgment upon the case stated must therefore be entered for the defendants."

The plaintiff removed the case into the Supreme Court, and assigned for error thus entering judgment.

*W. W. Wister, Jr.*, for plaintiffs in error, cited McConkey *v.* McConkey, 9 Watts 352; Ilgenfritz's Appeal, 5 Id. 25; Earnest *v.* Earnest, 5 Rawle 213; Proud *v.* Turner, 2 P. Wms. 560; Walsh *v.* Walsh, 2 Eq. Cas. Ab. 249; Roland *v.* Schrack, 5 Cas. 125; Osgood *v.* Burd, 17 Mass. 358; Act of April 8th 1833, § 2, art. 4, Pamph. L. 316, Purd. 563, pl. 14; Seibert's Appeal, 1 Harris 504; Perry *v.* Whitehead, 6 Ves. 546; Johnson *v.* Haines, 4 Dall. 64; Smith *v.* Kearney, 2 Barb. Ch. 550; Wallace *v.* Keyser, 1 P. F. Smith 493; Proctor *v.* Newhall, 17 Mass. 81.

*G. W. Biddle* (with whom was *T. Cuyler*), for defendants in error, referred to the opinion of the judge at Nisi Prius, and the cases there cited.

The opinion of the court was delivered, February 13th 1868, by

AGNEW, J.—The question in this case is disposed of by the opinion just read in the appeal of Jane E. Hughes, from the decree of the Orphans' Court of Philadelphia county (ante, p. 177.)

It must be remembered, however, that the question could not be raised and decided in an action of ejectment, but belongs exclusively to the jurisdiction of the Orphans' Court: Holliday *v.* Ward, 7 Harris 485. As this, however, is a stated case, and the parties have agreed as to the judgment to be entered, we are not disposed to vary the judgment of our brother at Nisi Prius.

The judgment is therefore affirmed.