JUDGE HARDEST
delivered the oítmion of the court.
Mrs. Ann Cannon died in 1860, leaving a will, by wbicb, after making some specific bequests, she devised the residue of her estate to her five surviving children and the children of her deceased son George T. Cannon, in equal portions, the children of the deceased son taking one share collectively. The residuary personal estate was wrongfully divided between the surviving children of the testatrix alone, excluding the children of Geo. T. Cannon; and afterward, for the purpose of correcting this error, contributary notes were given by the distributees to Edward M. Cannon, guardian of said children, who were infants, the appellants Adaline Thatcher and John Thatcher, her husband, thus executing their joint note for five hundred and eighty-one dollars and sixty-eight cents, dated May 19, 1866. Said Adaline Thatcher having become the equitable owner of a tract of land as her general property, which was purchased and paid for by her trustee with the proceeds of her real estate acquired under the will of her mother Ann Cannon, this suit in equity was prosecuted for the purpose of enforcing satisfaction of said note for five hundred and eighty-one dollars and sixty-eight cents, by subjecting so much of the land as might be necessary to its payment.
The appellants, in their defense, did not controvert the allegations of the petition, but submitted the question to the court, as one of law, whether the property of Mrs. Thatcher was liable to the plaintiff’s claim; and they further sought to avail themselves of a debt of one thousand dollars of long standing, which they alleged to have been due from George T. Cannon to his mother, and pleaded as an equitable set-off.
The court rendered a personal judgment against John Thatcher on the note for five hundred and eighty-one *543 dollars and sixty-eight cents, and adjudged a sale of so much of the land of Mrs. Thatcher as was necessary to pay the debt; and they now seek a reversal of that judgment as to her.
The estate derived by the appellees under the will of Ann Cannon being devised directly to them and not to their father, the alleged debt of the latter was properly adjudged inadmissible as a set-off. (Carson v. Carson, 1 Met. 300.) The court also rightly held that Mrs. Thatcher was not bound with her husband on their note, and properly rendered a personal judgment thereon against him alone. But the most important question to be determined is whether the land of Mrs. Thatcher was liable to the debt.
If it appeared, as assumed in the judgment, that the money for which the joint note of the appellants was given was part of the consideration paid for the land, the conclusion of the chancellor would-be correct, that to that extent the appellants would hold the property as trustees, subject to the claim of the appellees. But construing the averments of the petition to mean, in effect, that she (Mrs. Thatcher) and not her husband received the money in 1860, for which she and her husband afterward gave their note, it does not appear, by allegation or proof, that any part of that money entered into the purchase of the land in controversy; but, on the contrary, it is distinctly shown that the purchase of the land was a re-investment of trust estate, derived by a sale of Mrs. Thatcher’s interest in the land of Ann Cannon, deceased. There is nothing in the purchase of the land therefore /from which the law would imply a trust in favor of the appellees, unless the receipt by Mrs. Thatcher of part of the appellees’ share of the personal estate of Ann Cannon operated to charge her interest in the real estate for its payment; but whether *544 this would have been the case or not, had she labored under no disability, as she was legally subject to the control of her husband when the money was paid as well as when the note was given, and the transaction was not such as to render her real estate liable for the debt, under section 1 of article 2 of chapter 47 of the Revised Statutes, we perceive no ground on which the judgments directing the sale can be sustained.
Wherefore the judgment subjecting Adaline Thatcher’s property to the satisfaction of the appellees’ claim is reversed, and the cause remanded, with directions to dismiss the action as to her.