No. 2333.—SUCCESSION OF THE MISSES MORGAN.—On the petition of
ELLEN STEWART and others, claiming as representatives of Thos.
A. Morgan.

Representation is a fiction of law, which places the representative in the position, degree
and rights of the person he represents. The representative of the deceased does not
receive by transmission from the person he represents, but he is endowed by the law
with the rights to the succession of such person. He is not, therefore, by the fact of
representation merely, rendered personally liable for the debts of the person whom he
represents.

Where parties have died, leaving a succession which falls exclusively to the collateral heirs,
there being no heirs in the direct line, either ascending or decending, and one of the
branches of the collateral line claims by representation, such representative branch can
not be compelled to collate a debt which their ancestor owed to the deceased, nor are
they bound to collate gifts made by the deceased to their ancestors. C. C. 1313.

APPEAL from the Second District Court, parish of Orleans. *Duvig-
neaud*, J. *R. Hunt*, for appellants. *Wm. O. Denegre*, for appellees.

HOWE, J. The Misses Morgan, four sisters, perished in a com-
mon calamity on the twenty-eighth November, 1867. Dying intestate,
and leaving neither ascendants nor descendants, their succession was
claimed by a sister, Mrs. Mary Harrod, and a brother, William H.
Morgan, to the former of whom letters of administration were granted.
Thomas A. Morgan, a brother of the half blood of decedents, died in
1858, leaving seven children, his heirs, whose claim to one-sixth of
this succession, by representation, is the subject of controversy before
us. The succession is valued at about $52,000.

It is admitted that Thomas A. Morgan died insolvent, that he was
indebted at the time of his death to the Misses Morgan in the sum of
$12,850, an amount largely exceeding what would have been his dis-
tributive share in their succession had he survived his half-sisters;
that no part of this sum has been paid; and that the claimants by
representation, his children, long since renounced his succession.

The judge below decided in favor of the claims by representation of
the children of Thomas A. Morgan, and decreed them to be heirs for
one-sixth of the succession of the Misses Morgan, that is to say in the
proposition of one forty-second part to each. From this judgment
Mrs. Harrod, individually and officially, and William H. Morgan have
appealed.

The appellees contend that as representatives of their father, T. A.
Morgan, they are collectively entitled to one-sixth of the estate of
their aunts without regard to the larger debt he owed those aunts;
because, having renounced the succession of T. A. Morgan and their
rights of inheritance not being acquired by transmission *through* him,
but conferred by the law in the form of a representation of him, they
can not be compelled to discharge his obligations or collate his debts.

The appellants, on the other hand, contend that, as the children of
T. A. Morgan do not, and indeed can not, claim a share in the estate

of their aunts in their own right, but only by representation of their father, they can have no greater rights than he himself if still alive could exercise; that is to say, the right to one-sixth of the estate, less the sum of $12,850; and that as this admitted debt is larger than the distributive share the claim of his representatives must be dismissed.

Representation is a fiction of law, the effect of which is to put the representative in the place, degree and *rights* of the person represented. C. C. 890; C. N. 739; Inst. l. 3, t. 2; Nov. 18, cap. 4, 118, 127.

A dead man can neither get nor give; he can neither inherit nor transmit. The representative of the deceased person does not receive by transmission from that person and *jure alieno;* he receives by designation of law and *jure suo.* It follows therefore that the representative is not by the fact of representation merely rendered personally liable for the debts of the person whom he represents. He is endowed by the law with the rights of the latter in a certain succession, but is not laden with the obligations of that latter to the rest of the world. He is not an accepting heir, but a designated representative. This doctrine is elementary, and we do not understand that its correctness is questioned by the appellants.

But to reach the exact question in this case we have to go one step further, and inquire, not merely if the appellees are liable for the debts of T. A. Morgan to the outside world (if we may use the expression), but if their share in the succession of the Misses Morgan must be reduced by the amount of debts due by their pre-deceased parent to the Misses Morgan. The question is not free from doubt; much may be said on principle for each side, and either view may be copiously illustrated by analogies drawn from the jurisprudence of France. But after a careful examination, both of our own books and the French authorities, we have decided to follow the rule indicated in the case of Destrehan, 4 N. S. 557. That case was hotly contested. The court (Judge Matthews delivering the opinion) held that the share of a grandchild, coming by representation to the succession of his grandfather, should not be reduced by the amount of a *debt* due by the pre-deceased father to that grandfather. The eminent counsel against whom the decision was pronounced made an earnest application for a rehearing, in which they urged the same views substantially as those now pressed upon us by the appellants. The rehearing was granted, and after argument the opinion of the court, adhering to its former decision, was delivered by Judge Porter, who gave the subject an elaborate review. He admitted that if the article of the Code above quoted, which defines representation to be a fiction which places the representative in the place, degree and *rights* of the person represented, stood alone, it would go the whole length for which the appellants at bar contend; but he proceeded to show that it did not

stand alone, and that there were several cases in which, in a certain sense, the representative had greater rights than the person he represented. The most striking perhaps is that provided for in O. C. 148, article 26, and in article 897 of the present Code, which declare that "when a person has been disinherited by his father or mother, or excluded from his succession for unworthiness, his children can not represent him in the succession of their grandfather or other ascendants, if he is alive at the time of the opening of the succession; but they can represent him if he died before."

Now, the case at bar is rather stronger than that of Destrehan in favor of appellees. In that case it was admitted that the share of the grandchild must be reduced by any *gift* made to the father, the thing given being collated. C. C. 1318. But in this case the appellees, collateral relatives, are not bound to collate either gifts or debts. C. C. 1313.

It is urged by appellants that the effect of the judgment of the court below is inequitable. It must be remembered, however, that there is no question of natural right in the case. The right of property terminates with the death of the proprietor. We brought nothing into this world, and it is certain that we can take nothing out. The right of succession is not a natural but a civil and social right. Succession is a civil institution, by which the law transmits to a new proprietor, designated in advance, the thing that the preceding proprietor has just lost. Especially is this true of the succession of collaterals, *ab intestato*, under the provisions of law which create and control the fiction of representation. The parties to this controversy are all collaterals, the succession is intestate, its distribution is regulated by rules that are purely artificial, and the question in controversy is one purely of law.

It is therefore ordered that the judgment appealed from be affirmed with costs of appeal.

Rehearing refused.