LAND, J.
Therese Jacobs died intestate in the city of New Orleans in September, 1910, leaving neither ascendants nor descendants. The de cujus had a predeceased brother and sister of the full blood and a predeceased brother of the half blood. The brother of the full blood left a daughter, Adine Angelique Jacobs, wife of one John Reed. The sister of the full blood left two grandchildren, Ella T. Hart and Mrs. Alice Hart, wife of "one Albert Quina. The brother of the half blood died many years before the death of Therese Jacobs, and his children left issue. In short, Mrs. Reed is the niece, and the Harts are the grandnieces, of the de cujus. The descendants of the half-brother are not before the court, but they are the half grandnephews or grandnieces of the decedent.
In the court below Mrs. Reed contended that she was the sole heir of the estate. The judge a quo, however, held that the grandnieces and grandnephews were also heirs of the de cujus, and ordered the estate to be distributed as follows: Mrs. Reed five-twelfths, the Harts five-twelfths, and one-sixth to remain in abeyance, subject to the claim of the heirs of the half-brother. Mrs. Reed has appealed from the judgment.
[1] The sole question before the court is whether representation is admitted beyond the children of brothers and sisters, under the provisions of article 897 of the Civil Code, which reads as follows:
“In the collateral line, representation is admitted in favor of the children and descendants of the brothers and sisters of the deceased, whether they come to the succession in concurrence with the uncles and aunts, ’or whether the brothers and sisters of the deceased having died, the succession devolves on their descendants in equal or unequal degrees.”
If the words “and descendants” had been omitted, there would have been some room for the contention that the word “children” was intended to restrict the right of representation to the immediate issue of predeceased brothers or sisters. Such was the Roman law, which was followed in some of the provinces of Prance prior to the adoption of the Code Napoléon. The words “and descendants” seem to have been added for the express purpose of including the more remote descendants. There is ambiguity in the word “children,” although in a general sense the term “comprehends, not only children of the first degree, but the grandchildren, great-grandchildren, and all other descendants in the direct line.” Civ. Code, art. 3556. The word “descendants,” as used in the latter part of the article, comprehends not only children, but their issue in the direct line.
Article 897 of the Civil Code of 1870 is a transcript of article 893 of the Civil Code of 1825, which is a translation of article 742 of the Code Napoléon. All of the French jurists seem to concur in the opinion that the representation provided by C. N. art] 742 takes place ad infinitum to the advantage of the descendants, however remote, of the brothers and sisters of the deceased, whether equal or unequal in degree. In CarpentierDu Saint’s Repertoire du Droit Frangais the doctrine is thus stated:
“Cette representation a lieu & l’infini au profit des descendants, si eloignSs soient-ils, des fréres et soeurs.” Id. vol. 35, p. 49, Nos. 466, 467.
Baudry-Lacantinerie, in commenting on C. N. art. 742, says:
“Oomme en ligne directe, la representation a lieu á l’infini. par consequent au profit des *435 neveux, petits-neveux, arriére-petits-neveux.” Id. Des Successions, vol. 3, p. 268.
Mareadé, in commenting on the articles of the Code Napoléon on the subject of representation, says that they are perfectly clear that representation takes place ad infinitum in favor of the descendants of the deceased, and in favor of the descendants of the brothers and sisters of the deceased. No other conclusion is admissible in the light of the genesis of C. N. art. 742.
In. regard to representation in the collateral line two propositions were submitted to the Council of State — one in favor of nephews and nieces or their descendants, in whatever degree they may be; and the other in favor of the children in the first degree of cousins-german.
The second proposition was opposed by the First Consul, and was rejected. The action of the Council on the first proposition was formulated as follows, to wit:
“Le Conseil adopte en principe que les enfants des fréres du defunt succSdent par representation a l’infini.” See Discussion sur le Code Civil, vol. 2, pp. 326, 327.
The question raised by appellant is res nova in our state jurisprudence, for the reason, perhaps, that heretofore there has been no difference of opinion among lawyers as to the meaning of article 897 (893) of the Civil Code of Louisiana.
Counsel for appellant has cited Ratcliffe v. Ratcliffe, 7 Mart. (N. S.) 335, holding that representation for the purposes of inheritance does not extend to the children of cousins of the deceased. The ease is not in point, but counsel cites an extract from the opinion, as follows:
“It is clear the judge of probates has erred in admitting the interveners, children of first cousins, to represent their father, as the law does not authorize representation in favor of the children or other descendants of brothers and sisters. Civil Code, art. 893.”
As article 893 of the Code of 1825 expressly admits representation in favor of the children and, descendants of the brothers and, sisters of the deceased, the error in the opinion is patent. We are gratified to state that such error was not attributable to the distinguished jurist who handed down the opinion in the case. The original opinion cannot be found, but its text, as preserved in the opinion book of the court, reads:
“While, the law authorizes representation in favor of the children or other descendants of brothers and sisters. Civil Code, art. 893.”
It thus appears that the true text of the opinion militates against the contention of the appellant in this case.
In Succession of Morgan, 23 La. Ann. 290, the court held that the children of a brother of the half blood inherited by representation. For the reasons already stated, the more remote descendants of a half-brother inherit in the same way.
[2] The judgment below is correct, and is affirmed at the cost of the appellant.