J. M. WATTENBARGER, Guardian, Appellant, v. REUBEN PAYNE, Executor, Respondent.

**Kansas City Court of Appeals, March 4, 1912.**

**WILLS: Deceased Legatee: Indebted to Estate.** Where one of several legatees died before his father, the testator, insolvent and indebted to his father, leaving a child who survived the testator, such child, under Sec. 546, R. S. 1909, providing that a child of a devisee dying before the testator shall take the estate as such devisee would have done in case he had survived the testator, is entitled to take such legacy without being charged with the indebtedness of the original legatee. Cases discussed.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED (*with directions*).

*Calfee & Painter* and *J. M. Wattenbarger* for appellant.

Under the Statute of Wills, section 546, Revised Statutes 1909, appellant's ward takes the estate devised to her father, directly from her grandfather under the will. Heady v. Crouse, 203 Mo. 100. The surviving issue takes the estate devised not as heirs at law or distributees of the deceased devisee, but as legatees directly and immediately, under and by virtue of the will, and is not chargeable with the debts due the testator by their father, not mentioned in the will. Carson v.

Carson, 1 Met. 58 (Ky.) 300; Sloan v. Thornton, 43 S. W. (Ky.) 415; Cherry v. Mitchell, 55 S. W. (Ky.) 689; Supreme Council v. Densford, 56 S. W. (Ky.) 172. A legacy to a son of the testator, who dies before the testator, passes to and vests in the children or descendants of such deceased legatee, without administration upon his estate, and to the exclusion of his widow and creditors. Cook v. Munn, 12 Abbott's New Cases (N. Y.) 344; 2 Demarist's, 48 (N. Y.) Surrogate Court; 18 Am. & Eng. Ency. Law (2 Ed.), 757. Title to a legacy vesting by force of the statute, upon the death of the testator, in the descendant of the deceased legatee, the executor cannot deduct therefrom the amount of a debt which the deceased legatee owed to the testator. The English Statute, iv. Vict., ch. 26, sec. 33; Smith v. Smith, 5 Jones Eq. (N. C.) 305. The provisions of the statute is for the benefit of the issue of the deceased legatee, and they take under the will of the original testator and not from the deceased legatee. Newbold v. Newbold, 2 Whart. 46 . Heirs of the deceased legatee take directly from the testator by force of the statute which preserves the legacy, and substitutes the child as the legatee in place of the deceased parent. Paine v. Prentiss, 5 Metc. (Mass.) 396.

*D. M. Wilson* and *J. W. Clapp* for respondent.

At common law the devise to Daniel S. Payne would have lapsed, and his daughter would not be entitled to any part of her grandfather's estate. Jamison v. Hall, 46 Mo. 546; Martin v. LaChasse, 47 Mo. 593; Brammell v. Adams, 146 Mo. 88. Had Daniel S. Payne survived his father he would not have been entitled to a distributive share of the estate since he owed the estate more than his share would be. Lietman v. Lietman, 149 Mo. 112; Duffy v. Duffy, 155 Mo. 144; Ayres v. King, 168 Mo. 244; Trabue v. Henderson, 180 Mo. 616; Railroad v. Bowring, 103 Mo. App. 167.

ELLISON, J.—Addison Payne had several children and he made a will wherein legacies were directed to be paid to each. One of these children died indebted to his father, leaving Ruth (the plaintiff's ward), a granddaughter of Addison, as his sole heir. Then, shortly afterward, Addison died, and plaintiff, as guardian for the granddaughter, in due time filed a motion in the probate court asking that the grandfather's executor be required to pay to her the legacy willed to her father. The executor resisted on the ground that Ruth's father died insolvent and indebted to his father in a sum greater than the legacy. On appeal to the circuit court of Sullivan county the judgment was for the executor, and Ruth's guardian has brought the case here.

The question for decision is, whether a right exists to subject a father's legacy to the payment of his debt to the testator as against his daughter's claim of the legacy, she being the testator's granddaughter. And that question depends upon a construction of the following statute: "When any estate shall be devised to any child, grandchild or other relative of the testator, and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real or personal, as such devisee would have done in case he had survived the testator." (Sec. 546, R. S. 1909.)

It has been decided, under like statutes, that such a legacy, thus claimed by the grandchild of the testator, is not subject to depletion for the debt of the father to the testator. [Carson v. Carson, 58 Ky. 300; Smith v. Smith, 58 N. C. 305; In re Hafner et al., 61 N. Y. Sup. 565, 568; Jones v. Jones, 37 Ala. 646.]

The ground upon which these decisions are based is that the father, having died before the grandfather testator, the former never had any interest in the legacy, and, upon the death of the testator, it passed, as an original legacy direct to the grandchild, and not

through the deceased father. The father never having had any interest in the legacy, on account of his death, could not transmit it, nor could it be claimed as coming through him. The Supreme Court of Louisiana gave forcible expression to this idea in these words:

"A dead man can neither get nor give; he can neither inherit nor transmit. The representative of the deceased person does not receive by transmission from that person and *jure alieno;* he receives by designation of law and *jure suo.* It follows therefore that the representative is not by the fact of representation merely, rendered personally liable for the debts of the person whom he represents. He is endowed by the law with the rights of the latter in a certain succession, but is not laden with the obligations of that latter to the rest of the world. He is not an accepting heir, but a designated representative. This doctrine is elementary. [Succession of Morgan, 23 La. Ann. 290.]

Text-writers state the law the same way. In 1 Underhill on the Law of Wills, sec. 339, it is stated that the grandchild does not take through its parent, but directly under the will; the statute doing what the grandfather presumably wanted done. And that while the grandchild will take subject to his grandfather testator's debts, no act of the *father* can lessen his child's bequest. In Rood on Wills, sec. 675, it is stated that, of necessity, the grandchildren do not take through their father, but that they take an *independent* gift direct from the grandfather, free from the claims of their father's creditors.

But there are two decisions, made by courts of high standing, which give a different construction to similar statutes: Denise v. Denise, 37 N. J. Eq. 163; Baker v. Carpenter, 69 Ohio St. 15. These cases stand the grandchild of the testator in the shoes of his father, so that his claim is through his father, and there

by cause the legacy to be charged with the father's debts owing to the grandfather.

Plausible reasons are assigned to brace each of these conflicting views. All agree that the object of the statute was to prevent a lapse of the legacy, which took place, under the common law, when the legatee died before the testator, thereby frequently leaving no provision for the grandchildren. It is not correct to say that the Legislature only provided a means whereby the grandchild could claim his father's legacy. The Legislature enacted a law that, in the contingency of the father's death, made his child an *original legatee* of the grandfather. It is everywhere agreed that an applicable statute enters into and becomes a part of the testator's will. Therefore, should it not be said that the grandfather willed the legacy to his son, if he be alive at the grandfather's decease, but if he be dead, then to the children of the son? In such case there certainly would be no charge of the son's debts to the testator, unless directed in the will. If the law-makers had desired that the grand-child's legacy should be charged with the debts of his father to his grandfather, it seems to me to be accusing them with a great oversight in not explicitly saying so.

While adjudicated cases are few on the identical question here involved, there are a number of cases where practically the same thing has been determined. By statute in this state (and perhaps all the others) if a man dies without a will, leaving surviving children and grandchildren who are descendants of the grandfather's deceased children, the share the latter would have taken in the estate descends to the grandchildren. [Sec. 332, R. S. 1909.] Now this statute does the same thing for the grandchildren of an *intes*tate that the statute we have above set out does for the grandchildren of a testate; and it follows that constructions of the two ought to be alike. If they should be construed alike, this case must be determined in

favor of the grandchild. For it has been pointedly decided by the Supreme Court in Barnum v. Barnum, 119 Mo. 63, that where the father of children died and afterwards his brother died intestate, the children inherited the father's share, not through the father but direct from their uncle, and that their father's debt to the uncle could not be charged against the share of the children. The same question is decided in the same way, in Powers v. Morrison, 88 Tex. 133; Kendall v. Mundel, 57 Md. 44; Stokes v. Stokes, 62 S. C. 346; Thompson v. Meyers, 95 Ky. 597; Destrehan v. Destrehan, 16 Mart. (Vol. 4, N. S.), top pages 281, 296-298; Calhoon v. Cosgrove, 33 La. Ann. 1001; and Cook v. Munn, 65 How. Pr. 514. And this view of the law is likewise taken by text-writers. In 1 Woerner's Law of Administration, sec. 71, star p. 149, it is said that: "Heirs taking in their own right directly from the intestate by virtue of their propinquity of blood, not being liable for the debts of their ancestors, and these because such ancestors died before the intestate, having no interest in the inheritance, so that there is no connection or correlation between the inheritance and the debt, take their shares free from any deduction on account of debts owing by their parents or ancestors to the intestate."

In the second of the cases last cited, notwithstanding the statutory direction that the children of a deceased father or mother should "receive the *same* share of the estate as the father or mother, if living would have been entitled to, and *no more*," it was held that the children took such share free from a charge of their deceased parent's debts to the estate.

In the last of those cases it was held, in New York, under a statute similar to ours, that the grandchildren took directly from the grandfather's estate and that the creditors of their deceased father had no claim against their share. In this respect we can see

no distinction between stranger creditors of the parent and an ancestor creditor.

The ground upon which these cases are determined, and it is found stated in one way or another in all of them, is that, in the instance of a will, the legacy never belonged to the primary legatee and could not have belonged to him, since he died before the testator; and that it is an original bequest from the testator to the grandchildren. And in the instance of descent from an intestate, the estate never vests in his child who dies before him, but is inherited directly by the grandchild.

Those contending against this view say it is not equity. But there is no place for a question of equity to arise, any more than there would be in any other distribution a testator might make or the law might direct. It is the testator's will in one case, and the law's command in the other. The testator is presumed to have determined the equities of the matter for himself by not providing that in case the grandchildren took the legacy, it should be subject to their father's debt to him; and, for the same reason, the law has determined it in case of descent from an intestate. In Barnum v. Barnum, supra, our Supreme Court has said that it was "unable to discover any equity which would make the property subject to the debts of the father;" and in the "Succession of Morgan," supra, the court said in answer to the suggestion of an inequitable construction, that: "It must be remembered, however, that there is no question of natural right in the case. The right of property terminates with the death of the proprietor. We brought nothing into this world, and it is certain that we can take nothing out. The right of succession is not a natural but a civil and social right. Succession is a civil institution, by which the law transmits to a new proprietor, designated in advance, the thing that the preceding proprietor has just lost."

We may remark, in conclusion, that it has been said that the Supreme Court of Pennsylvania has also decided the question contrary to what is herein stated. That is not strictly correct. The view of that court was influenced by the meaning given to particular words of the statute. In the first instance (Ilgenfritz's Appeal, 5 Watts, 25), the question was decided in keeping with the rule in this state as announced in Barnum v. Barnum, supra, and the other cases cited. But on account of peculiar language of the statute of that state, saying that the grandchildren "shall take *by representation* of their parents respectively such share only as would have descended to such parents had they been living at the death of the intestate," the Ilgenfritz case was overruled in McConkey v. McConkey, 9 Watts, 352.

Under the foregoing views there should be a reversal of the judgment with directions to find for the plaintiff the sum shown to be due. *Broaddus, P. J.,* concurs; *Johnson, J.,* dissents.