CLARA E. MCKELLAR, Administratrix,

Appellant from Decree of Judge of Probate.

Knox.    Opinion February 14, 1916.

*Devise or bequest lapsing.    Lineal Descendants.    Probate Appeal.
Who may file probate appeal.    Revised Statutes,
Chapter 76, Section 10.*

1.  It is the general rule of law that a devise or legacy is deemed to be lapsed if the devisee or legatee dies in the lifetime of the testator.
2.  Revised Statutes, chapter 76, section 10, provides that when a relative of the testator, having a devise of real or personal estate, dies before the testator, leaving lineal descendants, they take such estate as would have been taken by such deceased relative if he had survived.
3.  By force of the statute, the title to the devise or legacy comes to the lineal descendants directly from the testator through the will, and not through the estate of the deceased devisee or legatee.
4.  The wife of such deceased devisee or legatee, either individually or as the representative of his estate, has no interest in such a devise or bequest; and, therefore, had no right of appeal from the allowance of the will or codicil in which such devise or legacy is made.

The testatrix in her will bequeathed to her nephew five hundred dollars, and subsequently, by a codicil to her will, changed that bequest to two hundred dollars; the nephew died before the testa-

trix, leaving three children and a wife, the appellant, who was appointed administratrix of his estate in Massachusetts. As such administratrix, she took an appeal from the decree of the Judge of probate, Knox county, Maine, whereby said codicil was approved, allowed and admitted to probate as a part of the last will and testament of the testatrix. To the decree of the Supreme Court of Probate, the appellant filed certain exceptions.

Exceptions overruled. Appeal dismissed.

Case stated in opinion.

*Kennard & Drew, and E. K. Gould,* for appellant.

*A. S. Littlefield,* for appellees.

SITTING: SAVAGE, C. J., CORNISH, KING, HANSON, PHILBROOK, JJ.

KING, J. Eliza J. Willoughby, late of Rockland, Maine, by her will executed March 27, 1900, bequeathed to her nephew, George A. McKellar, of Reading, Massachusetts, the sum of five hundred dollars. March 28, 1912, by a codicil to the will she changed that bequest to two hundred dollars. The legatee died before the death of the testatrix, leaving three children, and his wife, Clara E. McKellar, was appointed administratrix of his estate in Massachusetts. As such administratrix she took an appeal from the decree of the Judge of probate for Knox county, Maine, whereby said codicil was approved, allowed and admitted to probate as a part of the last will and testament of Mrs. Willoughby. In the Supreme Court of Probate the presiding Justice ruled that the appellant had no interest in the matter of the decree which would enable her to maintain her appeal. The case comes to this court on exceptions to that ruling.

There is no doubt of the general rule, that a devise or legacy is to be deemed lapsed, if the devisee or legatee dies in the lifetime of the testator. But an exception to this rule is created by R. S., ch. 76, sec. 10, which reads as follows: "When a relative of the testator, having a devise of real or personal estate, dies before the testator, leaving lineal descendants, they take such estate as would have been taken by such deceased relative if he had survived."

The purpose and effect of the statute seem clear. It preserves such a devise from lapsing by substituting in place of the deceased devisee his lineal descendants. By force of the statute they take under the will in his place, and they take the same estate he would have taken thereunder  Their title to the devise comes to them directly from the testator through the will, and not through the estate of the deceased devisee. His estate, therefore, has no interest in the devise. This statute applies in the present case. The original legatee was a relative of the testatrix, and he left three children. Upon his death, in the lifetime of the testatrix, his children, by force of the statute, were substituted in place of their parent as the persons who should take under the will the same estate which the original devisee would have taken thereunder if he had survived. The appellant, therefore, as administratrix of the estate of the deceased legatee has no interest in the matter of the probate of the codicil to the will of Mrs. Willoughby. Its allowance did not affect that estate in any way. And it is not claimed, of course, that the appellant has any right of appeal from the decree as an individual. She is the widow of the deceased legatee, and not his lineal descendant.

The ruling, therefore, that the appellant has no interest in the decree appealed from which enables her to maintain her appeal was correct.

*Exceptions overruled.*