181 So. 745

**KLING v. GOODMAN et al.**

I Div. 998.

Supreme Court of Alabama.

May 12, 1938.

Rehearing Denied June 16, 1938.

298

Harry T. Smith & Caffey, of Mobile, for appellant.

Wm. B. & C. C. Inge and M. F. Goodloe, all of Mobile, for appellees.

BOULDIN, Justice.

Mary Kling by her will devised and bequeathed all her property, real, personal, and mixed, to her four children, naming them, share and share alike.

One of these children, Charles William Kling, died during the lifetime of his mother, the testatrix. At the time of his death he was indebted to testatrix for money loaned. His mother presented this claim against the estate of the son, and in course of administration collected a portion of the indebtedness, but a balance of $1,500 remained unpaid at the death of his mother.

Charles William Kling had five children, all of whom survive their grandmother, and admittedly are entitled to take the share bequeathed to their father in the will of their grandmother. This, by virtue of section 10591 of the Code.

On a final settlement of the estate of Mary Kling, a controversy arose between

these descendants of the deceased legatee, and the other three legatees under the will of the testatrix, touching the share these descendants shall take in the distribution of the funds in the hands of the executor of such estate.

The surviving legatees of the testatrix contend that the unpaid indebtedness due from the estate of the deceased legatee to testatrix at the time of her death, and still unpaid, shall be deducted from the legacy going to the substituted legatees under the statute. The descendants of the primary legatee contend they take a full share, free from any such deduction. This is the question presented on this appeal. The solution turns on a proper construction of Code, § 10591, which reads: "When any estate, real or personal, is devised or bequeathed to a child or other descendant of the testator, and such devisee or legatee dies in the lifetime of the testator, leaving a child or other descendant surviving the testator, such legacy does not lapse, but vests in such child or other descendant, as if such devisee or legatee had survived the testator, and died intestate."

This statute comes down without change from the Code of 1852. As section 1605 of that Code it was construed in Jones v. Jones' Executor, 37 Ala. 646.

In that case the chancellor had held that under this statute the legacy did not lapse by the death of the legatee during the life of the testator, but did not pass directly to his children, and vested in his administrator, to be administered and distributed by him under the statutes regulating the distribution of intestate's estate.

The decision is directed to this holding of the chancellor. The holding of this court is concisely stated as follows: "We regard section 1605 of the Code as forbidding the lapse of a devise or legacy, because the legatee or devisee, being a descendant of the testator, died before the testator, if such legatee or devisee left a descendant. We further regard it as substituting the descendants of the legatee or devisee, for such legatee or devisee, to the right of receiving the legacy or devise; and providing for an apportionment among such descendants, of the property bequeathed, in a manner conformable to the law which would have governed, if the devisee or legatee had survived the testator, and died intestate."

Further discussing the clause, "As if such devisee or legatee had survived the testator, and died intestate," insisted upon by appellee as supporting the views of the chancellor, it was said these words: "Have an office assigned them perfectly consistent with their import, if we understand them as laying down a rule for dividing the property among the descendents. It vests in them as if the devisee or legatee had died, intestate, after the testator; that is, it vests in them in such shares or proportions as if the property had come to them as heirs and distributees of the legatee or devisee."

The Kentucky case mentioned in the opinion as supporting the view of this court was evidently Yeates and wife v. Gill, 9 B.Mon. 203, cited by appellant, wherein the Kentucky court said: "And as we think the manifest design of the act was to invest the children of a deceased legatee, who might be his heirs or distributees, with the same interest as the parent would have had if living at the testator's death, we are of opinion that such should be its construction and effect."

Jones v. Jones' Ex'r, presented no question of the quantum to be taken by such descendants as between them and surviving legatees. It sheds no light on the issue now before us, save as indicated by the tenor of the decision as disclosed by above excerpts and references.

■ If the legatee named in the will had survived the testatrix, his indebtedness to his mother would have become part of the assets of her estate in which all the legatees should share; and under the equitable doctrine of retention in the nature of a set-off, the executor of her estate should apply it as a credit on his legacy under the will. The legatee's insolvency would not interfere, because, in such event, his legacy would become available in satisfaction of the debt, and thus effect a distribution of the entire estate among the four legatees, share and share alike. This is the well-settled law of Alabama. Noble v. Tait, 140 Ala. 469, 37 So. 278; Nelson v. Murfee, 69 Ala. 598; Streety v. McCurdy, 104 Ala. 493, 16 So. 686.

■ The primary purpose of section 10591 of the Code is to prevent a lapse of the legacy in the contingencies named, and to substitute the natural objects of the testator's bounty in lieu of the

legatee whose death during the life of the testator would otherwise result in a lapse, with all the inconvenience such lapse would entail.

This clear intention leads logically to the conclusion that the legacy which shall go to the descendants of the named legatee, as substituted legatees, is the same legacy, and subject to the same rules in making distribution between them and other legatees named in the will.

In Denise Ex'rs v. Denise, 37 N.J.Eq. 163, construing a statute in the same language as ours, the New Jersey court stated the rule in these well-considered words: "It meant simply to put them in the place of their parent, in such a contingency, and to give them a right to take what their parent would have taken if he had survived the testator. But it is quite manifest, I think, that it was not intended to raise grandchildren to a plane higher than that which their parent could ever have occupied, or to give them rights as against the other beneficiaries under the will, which the person in whose place they are substituted never would have been permitted to assert. The statute-made legatee is a mere substitute; he is thrust, by force of the statute, in the place made vacant by the death of the legatee named in the will, and is given what, but for his death, would have gone to the primary legatee. He takes the primary legatee's place, as a beneficiary under the will, and should, according to the ordinary rule prevailing in like cases, bear his burdens, and be subject to the equities which would have existed against him."

That case involved the same question now before us, and held the indebtedness of the named legatee to the testator must be deducted from the legacy of the substituted legatees in making distribution of the testator's estate.

In Baker et al. v. Carpenter, 69 Ohio St. 15, 68 N.E. 577, 579, considering the same question here involved and construing a like statute, the court said: "The statute, as its title shows, was designed and intended to relieve against a hardship by preventing the lapsing of devises and legacies, and its sole purpose and effect, as we think, was and is upon the happening of the contingency therein mentioned, to place the grandchildren of a testator in their parent's stead, and to give to them the right to take what such parent would have taken if he had survived the testator. But certainly we think it was not the purpose, and could never have been the intention, of the Legislature, by the enactment of this statute to secure to the grandchildren of the testator greater rights and privileges than their parent—the primary legatee—could have had; nor may we reasonably assume that it was the intention of the Legislature to give to such grandchildren rights against other beneficiaries under the will which the person in whose place they stand, and for whom they are substituted, never would himself have been permitted to assert."

A like construction has been given similar statutes in a number of states. We cite the following: Tilton v. Tilton, 196 Mass. 562, 82 N.E. 704; In re Rueschenberg's Estate, 213 Iowa 639, 239 N.W. 629; Fletcher v. Wormington, 24 Kan. 259; In re McKellar, 114 Me. 421, 96 A. 734; Birge v. Nucomb, 93 Conn. 69, 105 A. 335; In re Kittson's Estate, Kittson v. Torry, 177 Minn. 469, 225 N.W. 439; Girard Life Ins. Co. v. Wilson, 57 Pa. 182.

The courts are not in harmony on this question. In several states it is held that the substituted legatees take free from any indebtedness of the named legatee to the testator.

Typical of these cases we cite Carson v. Carson's Ex'r, 1 Metc., Ky., 300; Hemsley v. McKim, 119 Md. 431, 87 A. 506; Wattenbarger v. Payne, 162 Mo.App. 434, 145 S.W. 148; Stokes v. Stokes, 62 S. C. 346, 40 S.E. 662; Powers v. Morrison, 88 Tex. 133, 30 S.W. 851. See, Rood on Wills, § 673.

These cases emphasize the point that these descendants take directly under the will, not by descent from the named legatee, and, therefore, the legacy is not burdened with the indebtedness of estate of the named legatee. All the cases agree the legacy is not burdened with the general indebtedness of the named legatee.

The fault in the reasoning of this latter line of cases is in placing the indebtedness due the testatrix on the same plane as other indebtedness. They do not give due weight to the legal principle that this indebtedness to the testatrix is a part and parcel of the estate of the testatrix in which all the legatees under

her will are entitled to share, and that the deduction of such indebtedness from his legacy is a method of bringing the proceeds into the common fund. If his descendants stand in his shoes, take the same legacy, then a like deduction should follow. It is not a question of making his descendants liable for his debts, but of making a division of the estate of the testatrix between devisees and legatees under her will. We are convinced that in making such distribution the purpose of the statute is to give the descendants of the named legatee the same share he would have taken had he survived the testatrix. It is not a case of a devise over, written into the will, but a law made substitution of descendants for the legatee named in the will.

In decreeing distribution it should be kept in mind that this $1,500 indebtedness is to be charged up as a part of the assets of the estate of the testatrix; and the entire estate for distribution divided into four parts, one of which, less this $1,500, is to be again distributed among these descendants. A division of the funds actually in hand into four parts, followed by a deduction of $1,500 from the share of these descendants, would ignore their right to share in this $1,500 as part of the assets of the estate.

The decree of the trial court was not in accord with this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.