Fletcher v. Wormington.

MARY J. FLETCHER v. MELISSA WORMINGTON.

STATUTE OF LIMITATIONS; *Action Not Barred; Descents.* In 1869, E. F., brother of the plaintiff, and husband of the defendant, died intestate, leaving the defendant his sole heir. She was afterward appointed administratrix, and duly qualified and entered upon the discharge of her duties. The plaintiff, who was a sister to the intestate, had a claim against his estate for $596.32, money loaned by her to him during his lifetime, which claim she duly presented to said administratrix and filed in the probate court, which claim was afterward, after a contest, and on July 7, 1869, duly allowed by the probate court, and classed as a claim of the fifth class. The defendant closed the administration of said estate on July 1, 1872, and was then discharged as administratrix, and the said claim remained wholly unpaid. On March 18, 1875, R. F., the father of the plaintiff and of the deceased E. F., died intestate, seized in fee of the land in controversy; and one undivided half thereof, being the share of said E. F., descended to the defendant, and the other undivided half descended to the plaintiff. On January 5, 1880, the plaintiff commenced this action against the defendant for the purpose of having the undivided half of said land which descended to the defendant, made and declared subject to the payment of the claim of the plaintiff against said estate. The plaintiff set forth all the foregoing facts in her petition. *Held*, That said petition does not show that the plaintiff's claim is barred by any statute of limitations; nor does it show that said claim is dormant, so that it cannot be sued in this action; and further, *held*, that when the defendant inherited her husband's share of said land from her husband's father, she took it subject to her husband's debts.

*Error from Greenwood District Court.*

ACTION brought by *Fletcher* against *Wormington*, for the purpose of subjecting certain land belonging to the defendant to the payment of a certain debt due the plaintiff.    The facts appear in the opinion.    Trial at the November Term, 1879, of the district court, and judgment for the' defendant. *Fletcher* brings the case here.

*Gillett & Forde,* for plaintiff in error.

*Phenis & Harlan,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Mary J. Fletcher against Melissa Wormington, for the purpose of subjecting certain land belonging to the defendant to the payment of a certain debt.    The plaintiff's petition was demurred to, on the ground that it did not set forth facts sufficient to constitute a cause of action.    The demurrer was sustained by the court below, and the plaintiff now brings the case to this court for review.

The facts set forth in the plaintiff's petition, (which facts were of course admitted by the demurrer,) are briefly and substantially as follows: In 1869, Edward Fletcher, brother of the plaintiff and husband of the defendant, died intestate, leaving the defendant his sole heir.    She was afterward appointed administratrix, and duly qualified and entered upon the discharge of her duties.    The plaintiff had a claim against her brother's estate for $596.32, money loaned by her to him during his lifetime, which claim she duly presented to said administratrix and filed in the probate court, which claim was afterward, after a contest, and on July 7, 1869, duly allowed by the probate court, and classed as a claim of the fifth class.    The defendant closed the administration of said estate on July 1, 1872, and was then discharged as administratrix, and the said claim of the said plaintiff remained wholly unpaid.    On March 18, 1875, Robert Fletcher, the

father of the plaintiff and of the deceased Edward, died intestate, seized in fee of the land described in the plaintiff's petition, which land is situated in Greenwood county, Kansas. One undivided half of this land descended from Robert, through the deceased Edward, to the defendant, and the other undivided half descended to the plaintiff, and the plaintiff now asks to have the undivided half of said land which descended to the defendant, made and declared subject to the payment of her said claim against said estate. This the defendant claims cannot be done. The defendant claims in her brief, filed by her counsel in this court, that the plaintiff's petition, which was filed in the court below on January 5, 1880, does not state facts sufficient to constitute a cause of action, for the following reasons, to wit:

"1. Said petition shows on its face that more than five years have elapsed since the cause of action, if any, accrued.

"2. That more than three years have elapsed since the cause of action, if any, accrued.

"3. That said petition discloses the further fact that the lands in question are not, and never were, any part of Edward Fletcher's estate, for the reason that the said Edward died without seisin and before descent cast."

The first and second grounds upon which the defendant claims that the plaintiff's petition is defective and insufficient, are really that the petition shows upon its face that the plaintiff's claim is barred by some statute of limitations. Now it is true that the petition shows that ten and one-half years had elapsed after the plaintiff's claim had been allowed by the probate court, and had thereby been merged in a judgment, which was on July 7, 1869, before this action was commenced, which was on January 5, 1880; but still, we do not think that the petition thereby shows, or in any manner indicates, that the plaintiff's present cause of action is barred by any statute of limitations. It was less than three years from and after the merging of the plaintiff's claim into a judgment until the said administratrix was finally discharged; which left no representative of the estate to be sued; and the plaintiff has for that reason had no power to sue the estate

since that time. And it was less than five years from and after the time when the defendant (Melissa Fletcher, now Melissa Wormington) inherited said property from the Fletchers, until the plaintiff (Mary J. Fletcher) commenced this action against the defendant. And of course the present alleged cause of action did not accrue or exist in favor of the plaintiff, and against the defendant, until the defendant inherited said property from the Fletchers; and therefore no statute of limitations could commence to run barring any such cause of action until such property was so inherited.

The defendant refers to § 107 of the executors' and administrators' act, (Comp. Laws of 1879, p. 422,) and to subdivision 6 of § 18, and to § 445 of the civil code, (id. pp. 603 and 660,) as furnishing the proper limitations for the bringing of actions like the present, but we do not think that any of these statutes are applicable to this case. Said § 107 can have no possible application whatever; for the land in controversy never came into the hands of any executor or administrator, or into the hands of any executrix or administratrix, as that statute requires in order to bar an action. And said subdivision 6 of § 18 is a five-year statute of limitations, which runs against causes of action, only *after* they have accrued. It will not be claimed that it could possibly apply to the defendant as administratrix, or to any other personal representative of Edward Fletcher's estate, for, among other reasons, the estate ceased to have any personal representative within less than three years after the plaintiff's claim was allowed in the probate court and merged into a judgment. And it could not apply to the defendant as an heir or as an individual, for the plaintiff's alleged cause of action did not accrue against the defendant in the capacity of an heir or individual, or indeed in any other capacity, until March 18, 1875, when she inherited the property as aforesaid; and therefore, such cause of action did not exist against her for the requisite period of five years before this suit was commenced, which that statute requires in order to bar the action. And said § 445, which merely provides for judgments becom-

ing dormant, cannot apply to judgments of this kind rendered in the probate court, for no execution, such as is contemplated by said § 445, can be issued from the probate court on such a judgment. Besides, from and after July 1, 1872, (less than three years after the judgment was rendered,) there was no executor or executrix, nor administrator or administratrix, against whom any writ or order of any kind could be issued. There may be other reasons why this cause of action is not barred by any statute of limitations, but we think the foregoing are sufficient.

We shall now proceed to consider the third reason given by the defendant in her brief for claiming that the plaintiff's petition is insufficient. This reason, given in other words than those used by the defendant, are, briefly, that the title to the undivided half of said land passed directly, immediately, absolutely and unconditionally from Robert Fletcher, the defendant's father-in-law, to the defendant, and that Edward Fletcher, her husband, never had any interest in the property. Now we think it is clear that such title did pass directly and immediately from Robert Fletcher to the defendant, and that Edward Fletcher never had any interest in the property; but still, the real question is, whether such title passed absolutely and unconditionally to her, or whether it passed subject to certain conditions and charges. We suppose from the briefs of counsel that this question was not in fact thought of or considered in the court below; but, as the question is really in the case, we shall consider it and decide it. The law relating to this question is embodied principally in §§ 1, 18, 19 and 20 of the act relating to descents and distributions. (Comp. Laws of 1879, pp. 378, 379 and 380.) So much of said sections as we think it is necessary to quote, reads as follows:

"Sec. 1. After allowing," etc., . . . "the remainder of the real estate and personal effects of the intestate, not necessary for the payment of debts, shall be distributed as hereinafter provided."

"Sec. 18. Subject to the rights and charges hereinbefore contemplated, the remaining estate of which the decedent

died seized, shall, in the absence of other arrangements by will, descend in equal shares to his children.

"Sec. 19. If any one of his children be dead, the heirs of such child shall inherit his share, in accordance with the rules herein prescribed, in the same manner as though such child had outlived his parent.

"Sec. 20. If the intestate leave no issue, the whole of his estate shall go to his wife."

Edward Fletcher died intestate, leaving no issue and leaving the defendant, his widow, as his only heir to inherit his estate.   Robert Fletcher died intestate, leaving no widow and only one child, the present plaintiff, and only one other heir, to wit, the widow of his said son Edward, the present defendant, who, under said § 19, takes Edward's "share" of his father's estate, which share is one-half of such estate, after Robert's debts are paid.   But this share, Edward's share— "his share," in the language of § 19—is not given to the defendant absolutely and unconditionally.   It is given to her "in accordance with the rules herein [that is, in said act] prescribed, *in the same manner as though such child* [that is, Edward] *had outlived his parent."*   That is, the defendant takes Edward's share of his father's estate in the same manner as though Edward had been living at the time of his father's death, but had died immediately thereafter.   Now, if Edward had been living when his father died, he would undoubtedly have immediately taken his share of his father's estate, but subject, however, to the payment of his father's debts, and such share would also undoubtedly and immediately have become liable for the payment of his own debts, and if he had then died, such share would have still remained liable for the payment of his own debts, as well as of his father's debts.   The property in general of an intestate is never given absolutely to his heirs.   It is always given subject to the intestate's debts.   Or, in the language of the statute, (said § 1,) only so much of it is given to his heirs as is "not necessary for the payment of debts."   Said § 19 could scarcely be made plainer than it is; and we think it means just what it says.   If the legislature had intended

what the defendant seems to claim that it did, it would in all probability not have added the words that it did after the words "his share," but would have added the words, "absolutely and unconditionally," or some other words of similar import. The section would then read: "If any one of his children be dead, the heirs of such child shall inherit his share *absolutely and unconditionally.*"

The judgment of the court below will be reversed, and the cause remanded with the order that the demurrer to the petition be overruled, and for such other proceedings as may be proper in the case.

HORTON, C. J., concurring.