J. Edwin Jones, administrator, & others, *vs.* Charles
Treadwell & others.

Suffolk.   October 15, 1897. — November 22, 1897.

Present: Field, C. J., Knowlton, Morton, Lathrop, & Barker, JJ.

*Real Estate inherited by Heir — Set-off — Statute — Debt due Intestate Estate.*

The Pub. Sts. c. 136, §§ 22, 23, which provide that a debt due to the estate of a
deceased person from an heir, devisee, legatee, or distributee of such estate shall
be set off against and deducted from the share or claim of such heir, devisee,
legatee, or distributee, do not relate to real estate inherited by an heir.

Appeal from a decree of the Probate Court, refusing to
grant the petition of the administrator of the estate of Samuel
Treadwell and others, praying that the share of Charles Tread-
well in the intestate's real estate as heir of the intestate might
be sold, and the proceeds thereof be first applied, so far as
required, to pay the debt due to the estate from said Charles
Treadwell.

The petition to the Probate Court, which was filed March 1,
1897, recited that the said Jones was on May 28, 1896, appointed
administrator of the estate of said Samuel Treadwell, who died
on April 27, 1896; that he left no widow and eight children,
seven of whom were joined as petitioners, and one of whom,
Charles Treadwell, who was indebted to his father's estate in
the sum of four thousand dollars, and also to the firm of L.
Beebe and Sons in about the same amount, was, with said Beebe
and Sons and James H. Young, joined as defendant; that the
estate of the intestate consisted of real property worth about
thirty-five thousand dollars, and of personal property consisting
of the claim against Charles Treadwell already described, and
other property equal in value to about five thousand dollars in
all; that in July, 1896, Beebe and Sons recovered a judgment
against Charles Treadwell, and on November 10, 1896, caused
his interest in the real estate of the intestate to be seized on
execution, and sold by the sheriff on December 26, 1896, to the
defendant Young; that no notice of the claim of the adminis-
trator of Samuel Treadwell's estate against Charles Treadwell,

or against his share in the real estate, was given to Beebe and Sons until December 17, 1896, after the land had been seized on the execution; that the petitioners, and especially Jones, as administrator, were entitled, under the provisions of Pub. Sts. c. 136, §§ 22, 23, to have the debt due to the estate of the deceased from Charles Treadwell " paid out of and set off against and deducted from the share or claim of said Charles Treadwell in and to the said real and personal estate belonging to said estate of said deceased, in preference to and before said creditors of said Charles Treadwell can take any part of his share in said estate of said deceased." The prayer was, in substance, that the court should determine the validity and amount of the debt, enjoin any conveyance by Beebe and Sons and Young, order the sale of Charles Treadwell's share in the real estate, and the application of the proceeds to the payment of his debt to the estate.

Charles Treadwell filed an answer, admitting the allegations in the bill, and consenting that the bill might be taken as confessed as against him. Beebe and Sons and Young filed general demurrers for want of equity. The Probate Court entered a decree finding the amount of the debt, determining that there was no lien or claim on the share of Charles Treadwell in his father's real estate in favor of the petitioners as against Beebe and Sons and Young, sustained the demurrers, and dismissed the petition as against L. Beebe and Sons and Young, but gave the administrator license to sell Charles Treadwell's right of redemption from the execution sale. From this decree the petitioners appealed, on the grounds that the Probate Court erred in finding that the petitioners had no lien on Charles Treadwell's share in the real estate, or priority over Beebe and Sons and Young, and in sustaining the demurrers, and in merely giving the petitioners the right to sell Charles Treadwell's right of redemption from the execution sale. The case was reserved by *Morton,* J., at the request of all the parties, for the consideration of the full court.

*C. G. Keyes & C. D. Keyes,* for the petitioners.

*E. W. Hutchins & H. Wheeler,* for Beebe and Sons and Young.

FIELD, C. J. The decision of this case depends upon the construction to be given to Pub. Sts. c. 136, §§ 22, 23. These

sections were enacted in the Public Statutes in the form in which they were reported by the commissioners on the revision of the statutes. The first and only statute on the subject before the enactment of the Public Statutes was St. 1879, c. 225. These sections of the Public Statutes, so far as we are aware, have been considered by the court only in *Allen* v. *Edwards*, 136 Mass. 138. In the opinion in that case the court say that the sections " are substantially re-enactments of the St. of 1879, c. 225, §§ 1, 2, although they vary therefrom in some expressions." St. 1879, c. 225, is entitled " An Act concerning set-off of debts due from legatees under wills, and from distributees of intestate estates." Although the body of the act contains the word " heir," as well as the words " legatee " and " distributee," yet the first section relates to " the payment of the legacy to such legatee," or to " the division and distribution of such estate among the heirs and distributees," and it provides that the " debt due to a testator or intestate, or to his estate, from a legatee, heir, or distributee, . . . shall be taken by such legatee towards his legacy, and by such heir and distributee towards his share in the estate of the intestate." The fourth section is as follows : " Nothing in this act contained shall prejudice any other remedy that an executor or administrator may have for the recovery of a debt due to the testator or intestate, or his estate, from such heir, legatee, or distributee, or release such legatee, heir, or distributee from the surplus of his indebtedness above the amount of his legacy or distributive share in the estate." It is manifest, we think, that this statute related only to personal estate, and provided a new remedy for the administrator of an intestate estate or the executor of a will as a means of collecting a debt due to the estate from a legatee, heir, or distributee, by empowering the Probate Court to apply the debt towards the payment of the legacy or of the distributive share of an intestate estate. *Allen* v. *Edwards, ubi supra.* The law on this subject before the enactment of this statute is shown by the following cases: *Procter* v. *Newhall,* 17 Mass. 81 ; *Ward* v. *Ward,* 15 Pick. 511, 520 ; *Hancock* v. *Hubbard,* 19 Pick. 167 ; *Davis* v. *Newton,* 6 Met. 537 ; *Blackler* v. *Boott,* 114 Mass. 24.

The Public Statutes are to be construed as a re-enactment of the statutes in force when they were passed to be enacted, if

they reasonably can be. *Drew* v. *Streeter*, 137 Mass. 460. *Pratt* v. *Street Commissioners*, 139 Mass. 559. Chapter 136 of the Public Statutes is entitled " Of the payment of debts, legacies, and distributive shares." Sections 22 and 23 are in that division of the chapter which is entitled " Payment of legacies and distributive shares." The principal points of difference between St. 1879, c. 225, and these sections, are that the word " devisee " has been inserted in the sections in connection with the words " heir, legatee, or distributee "; and that, instead of the provision in the St. of 1879, that the debt due to the estate shall be taken towards the payment of the legacy, or towards the share or distributive share of the heir or distributee, without prejudice to any other remedy to recover the surplus of the debt due, it is provided in the Public Statutes that the debt shall be set off against and deducted from the share or claim of the heir, devisee, legatee, or distributee, without prejudice to the liability of such heir, devisee, legatee, or distributee for the excess of his indebtedness over the amount of his share in or claim upon the estate. Undoubtedly the Public Statutes, if considered as a new enactment, would leave it somewhat uncertain whether it was the intention to empower the Probate Court by some proceedings to order the real estate devised or inherited to be sold, and the proceeds of the sale to be applied to the payment of a debt due to the estate from the devisee or heir, or to establish a lien on such real estate for the purpose of securing the payment of such a debt. But, if such was the intention, the statutes reasonably should have contained some definite provisions whereby that intention could be carried into effect, and should have prescribed some time within which the proceedings should be instituted. The title to real estate ought not to be left indefinitely subject to the institution of such proceedings. In general, the administrator of an intestate estate has nothing to do with the real estate, unless the sale of it is necessary to pay the debts of the estate and the charges of administration, and the executor of a will has nothing to do with the real estate, unless some power is given him by the will over it, or the sale of it is necessary to pay legacies, debts, and charges of administration. The real estate ordinarily passes directly to the heirs or devisees. Administrators or executors cannot set off against or deduct from a

devise or inherited share of real estate a debt due to the estate in the same manner as they can set off against or deduct such a debt from a legacy or distributive share of personal property which they must pay from the estate in their hands. It is a simple matter to empower a probate court to determine the amount of such a debt, and to set it off against or deduct it from a legacy or a distributive share, when suit must be brought by the legatee or distributee for the legacy or share, unless the executor or administrator chooses to pay it. It may happen in the administration of estates that money or other personal property is held by an administrator or executor, for the benefit of heirs as distinguished from distributees, or of devisees as distinguished from legatees, and these sections of the Public Statutes may perhaps be held to include such cases. But we are of opinion that the St. of 1879, c. 225, was enacted with reference only to what was or should become, in the course of administration, personal property or estate in the hands of the administrator or executor, and that the changes of phraseology in the Public Statutes are not sufficient, and were not intended to alter the substance of the law in this respect.

The decree of the Probate Court dismissed the petition as to Marcus Beebe, Decius Beebe, Junius Beebe, and James H. Young, and authorized J. Edwin Jones, the administrator of the estate of Samuel Treadwell, one of the petitioners, to sell at public auction the right of Charles Treadwell to redeem his real estate from the sale on execution. The petitioners have appealed from the decree, but Charles Treadwell has not. As we are of opinion that the right of redemption of Charles Treadwell in this real estate cannot lawfully be sold by the administrator of the estate of Samuel Treadwell under the authority of the Probate Court, the decree so far as it orders a sale of the right of redemption of Charles Treadwell must be reversed, and the petition must be dismissed.

*So ordered.*