CHARLES H. TILTON & another, executors, *vs.* PALMER TILTON.

Essex. October 15, 1907. — November 27, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Devise and Legacy. Will. Statute,* Construction. *Executor and Administrator. Words,* "Estate."

The issue of a person, who was named in a will as legatee and died before the testator, in taking by virtue of R. L. c. 135, § 21, the same estate which the person whose issue he is would have taken if he had survived the testator, takes the

legacy subject to the right given to the executor by R. L. c. 141, § 23, to set off against and deduct from the legacy any debt due to the estate of the testator from the estate of the person named as legatee in the will.

BILL IN EQUITY, filed in the Probate Court for the county of Essex on August 8, 1906, by the executors of the will of George Henry Tilton, late of Wenham, for instructions whether a legacy of $3,000 left by the terms of the will to Palmer Tilton of Baltimore in the State of Maryland, who died before the testator, should be paid in full by virtue of R. L. c. 135, § 21, to Palmer Tilton of Gastonia in the State of North Carolina, the issue of Palmer Tilton late of Baltimore, deceased, or whether under R. L. c. 141, § 23, there should be set off against and deducted from such legacy the amount due on three notes, one for $200 and two for $600 each, made and delivered by Palmer Tilton late of Baltimore, deceased, payable to George Henry Tilton, the testator, and held by the plaintiffs as executors; praying also for a decree authorizing such set-off and deduction to be made.

In the Probate Court *Harmon*, J., made a decree that the amount due on the notes should be set off against and deducted from the legacy. The defendant, Palmer Tilton of Gastonia in the State of North Carolina, appealed.

The case came on to be heard before *Braley*, J., who made certain findings of fact, and at the request of the parties reserved the case for determination by the full court. If the executors were entitled to make the set-off and deduction, the decree of the Probate Court was to be affirmed; otherwise, the decree was to be reversed and the bill as praying for relief was to be dismissed.

The case was submitted on briefs.

*F. Paul*, for the plaintiffs.

*G. W. S. Hart*, (of South Carolina,) & *J. N. Palmer*, for the defendant.

KNOWLTON, C. J.  The petitioners are executors of a will which contains a legacy of $3,000 to one Palmer Tilton, a nephew of the testator. This nephew died before the death of the testator, leaving as his only child the respondent, Palmer Tilton. Were it not for the provision contained in the R. L. c. 135, § 21, this legacy would have lapsed. Under that provi-

sion the respondent takes it. His father, the original legatee, was indebted to the testator in the sum of $1,500, and the only question in the case is whether the respondent takes the legacy subject to a set-off or takes the whole of it, absolutely.

It is provided by the R. L. c. 141, § 23, that "a debt due to the estate of a deceased person from a legatee or distributee of such estate shall be set off against and deducted from the legacy to such legatee or from the distributive share of such distributee ; and the Probate Court shall hear and determine the validity and amount of any such debt, and may make all necessary or proper decrees and orders to effect such set-off or deduction," etc. Except for this new mode of collection of a debt, thus secured to the executors by proceedings in the Probate Court, this enactment is in accordance with the previous practice and the law in Massachusetts. *Allen* v. *Edwards*, 136 Mass. 138. *Jones* v. *Treadwell*, 169 Mass. 430. Under this statute a pecuniary legacy to a debtor of the testator is, in legal effect, a gift of the sum stated, less the amount of the indebtedness due from the legatee.

The precise question is whether the statute which saves a legacy from lapsing puts the estate of the testator in any worse position than it would have been in if the original legatee had survived, or puts the substituted legatee in any better position, in reference to the legacy, than his ancestor would have been in if he had not died.

If we seek to discover the purpose of the Legislature, it pretty plainly appears to be to put the estate and the substituted legatee in the same relations to each other, in reference to the legacy, that the estate and the original legatee would have been in if the latter had survived. The language of the original act, retained without material change in subsequent legislation until the enactment of the Pub. Sts. c. 127, § 23, gave the issue a right to take the estate "in the same way and manner such devisee would have done in case he had survived the testator," etc. St. 1783, c. 24, § 8. Rev. Sts. c. 62, § 24. Gen. Sts. c. 92, § 28. The substitution of the words, "take the same estate that the person whose issue they are would have taken, had he survived," etc., does not affect the meaning of the statute, as it is a mere re-enactment. *Drew* v. *Streeter*, 137 Mass. 460, 462.

*Jones* v. *Treadwell,* 169 Mass. 430, 432.    To take in the same manner as the ancestor would have done is to take subject to a set-off of the indebtedness.    Using the word " estate " in its technical sense, and considering the statutes together, the estate which the original legatee would have taken is the ownership of the legacy, diminished by the amount of the indebtedness.    The Supreme Court of Kansas gave this meaning to the words, " in the same manner as " in a statute almost identical with the one before us.    *Fletcher* v. *Wormington,* 24 Kans. 259.    The same construction was put upon similar words in another statute of this kind in New Jersey, and the opposite view stated in *Carson* v. *Carson,* 1 Met. (Ky.) 300, was rejected.    *Denise* v. *Denise,* 10 Stew. (N. J.) 163.

The fact that his remedies for the collection of the debt are preserved to the executor against the estate of the original legatee does not affect his right to a set-off in the payment of the legacy, nor enlarge the rights of the substituted legatee. R. L. c. 141, § 23.

*Decree of Probate Court affirmed.*