No. 20,293.

MRS. ROSE L. MALANEY, *Appellant*, V. ALLEN N. CAMERON and
O. C. BROWN, as Administrator, etc., *Appellees.*

OPINION DENYING ADDITIONAL PETITION FOR A REHEARING.

Appeal from Douglas district court; CHARLES A. SMART,
judge. Opinion denying additional petition for a rehearing
filed February 10, 1917. (For original opinion of affirmance,
see 98 Kan. 620, 159 Pac. 19. For opinion on rehearing, adher-
ing to judgment of affirmance, see *ante,* p. 70, 161 Pac. 1180.
For opinion denying a second rehearing see *ante,* p. 424, 161
Pac. 1182.)

*Ord Clingman,* of Lawrence, for the appellant.
*J. B. Larimer,* of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: In denying a petition for a rehearing in this case
the court said:

"Under the statute providing that the property of an intestate, who is
survived by neither spouse, issue nor parent, shall be disposed of in the
same manner as if a parent had outlived him and died in its possession
and ownership, property inherited by one son of a deceased father from
another can not be subjected to the payment of indebtedness owed by the
father to any one other than the deceased son." (*Malaney v. Cameron,*
ante, p. 424, syl., 161 Pac. 1182.)

The appellant asks leave to file an additional petition for a
rehearing, which is tendered with the application, and which
is based chiefly upon the ground that the proposition quoted
is in conflict with an earlier decision in which it was held that
the share of land owned by an intestate, which would have de-
scended to a son if he had been living, but which by reason of
his death passed to the son's widow, was taken by her subject
to the claim of another heir against her husband's estate.
(*Fletcher v. Wormington,* 24 Kan. 259.) That case, however,
while tending to support the general theory upon which the
appellant relies, arose under a statute (since repealed) ma-
terially different from that here involved, relating to the

rights of an heir who takes strictly by representation. The section particularly construed read:

"If any one of his [the intestate's] children be dead, the heirs of such child shall inherit his share, in accordance with the rules herein prescribed, in the same manner as though such child had outlived his parent." (Comp. Laws, 1879, ch. 33, § 19.)

Stress was laid upon the fact that the provision for the share of a deceased child being inherited by his heirs was followed by the words "in accordance with the rules herein prescribed." The word "herein" was interpreted as meaning anywhere within the act, which, of course, included provisions making the property of a decedent liable for his debts, and the phrase quoted was treated as a limitation, imposing the payment of indebtedness as a condition, the court saying that, if the intention had been for the property to pass free from the debts of the deceased child, the legislature would have used some such expression as "absolutely and unconditionally" in place of "in accordance with the rules herein prescribed." In a later opinion written by the same justice, in which the Fletcher-Wormington case was cited, it was said of a statute substantially the same as that now under consideration:

"Of course the property could not pass from the son until after his death, and then only to some living person or persons, and to him or them directly and immediately. It could not pass to any deceased person or through any deceased person. It could not pass to or through the mother, for she was dead. The mother never had, and could not have any title to the property in controversy, either before or after her death, or before or after her son's death, for she died before the son's death; and she is mentioned only for the purpose of indicating or of fixing a rule for determining to whom the property of the son directly went when he died." (Sarver v. Beal, 36 Kan. 555, 559, 13 Pac. 743.)

We regard the provision that the property of an intestate shall in certain cases be disposed of as though his parent had outlived him and died in its possession and ownership as relating to its devolution by the law of inheritance—as furnishing a rule for determining the intestate's heirs. If the statute should be held to mean literally that the property is to be disposed of in all respects exactly as though a parent had died in its possession and ownership, then it would not go to the parent's heirs, but to the beneficiaries of the residuary clause

of his will, if there happened to be one, for that is the way in which it would have been disposed of if he had owned it at his death. This court holds that property inherited under such a statute is chargeable with a debt owed to the intestate by the person by reason of whose prior death the recipient becomes the heir, although the majority of the courts which have passed upon the matter decline to go that far, even with respect to one taking expressly by representation. (Note, 47 L. R. A., n. s., 1026.) But we do not think the principle should be so extended as to make the inheritance liable for all the debts owed at the time of his death by the person through whom the heir traces his relationship to the intestate.

The additional petition for a rehearing is allowed to be filed, but is denied.