# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## Neel v. Campton, et al.

(Decided November 13, 1923.)

### Appeal from Daviess Circuit Court.

1. Partnership—Petition in Action Between Partners Amended to Ask Settlement of Partnership Affairs.—One partner cannot maintain a suit on a debt arising out of the partnership against another member of the firm while the partnership is carrying on; but if suit be brought by one partner against another on a debt growing out of a partnership which is defunct, additional averments may be made by way of amended petition, which would justify a settlement of the partnership affairs, in view of Civil Code of Practice, section 134.

2. Partnership—Attachment Proper in Suit by One Partner of Defunct Firm Against Another.—Where one partner of defunct firm sued another partner for a debt growing out of the partnership business, and an attachment was issued and levied on property of the defendant, and subsequently the petition was amended to justify a settlement of the partnership affairs, it would have been error on the part of the trial court to discharge the attachment.

3. Homestead—Residence on Property Necessary.—One was not entitled to be adjudged a homestead in lands descending from his father's estate, where he owned and resided in a house and lot some distance away, and had never resided on the land descending to him.

4. Descent and Distribution—Lands do Not Descend Charged with Indebtedness of Heir to Ancestor.—The distributive share of the real estate of an heir, who is a debtor to the estate of his ancestor, is not chargeable with such indebtedness, either as land or as the proceeds thereof in the hands of the administrator, and

levy of attachment on such land by creditors of an heir, before administrator commenced action in favor of the estate, created a prior lien superior to that of the administrator under an execution.

J. R. HAYS for appellant.

T. F. BIRKHEAD and H. A. BIRKHEAD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant, Neel, was justly indebted under a partnership arrangement to appellees, his partners, in the sum of $510.56. The partnership had failed, judgment had gone against it in favor of creditors and the appellees, being solvent, paid the entire indebtedness of the partnership including that share, $510.56, owned by appellant. To recoup this sum appellees brought this action on the ordinary side of the docket against appellant, alleging the facts above stated, and sued out a general order of attachment against the property of appellant, which was levied on his undivided one-eighth interest in a tract of 170 acres of land, which had descended to him and his brothers and sisters upon the death of their father, G. W. Neel. Later and after a general demurrer had been filed to the petition appellees amended their petition and prayed as in their original petition and that the partnership be settled and its affairs wound up. This is one of the grounds of complaint of the appellant, it being his contention that the amendment set up an entirely new cause when it averred facts entitling appellees to a settlement of the partnership, such equitable matters being a departure from the common law action by which the appellees sought to recover $510.56, and by general order of attachment to subject the lands which appellant inherited from his father to the payment of appellees' debts.

After the attachment had been levied the administrator of G. W. Neel commenced an action against appellant, Neel, on a note for $500.00 which appellant had given to his father some years before and which was unpaid. This action was prosecuted to judgment and execution issued thereon was levied upon the undivided interest of appellant in the lands inherited from his father.

A sale was had by the sheriff under the execution whereat the administrator became the purchaser at the price of $300.00. Before the sale, however, the sheriff

announced to the bidders that the attachment of appellees had been levied upon the lands and that the action was still pending. It is also set forth in the stipulation of facts that a *lis pendens* notice had been duly filed in the office of the clerk of the county court.

It is the contention of appellant that a suit by one or more members of a partnership against another or other members of the same partnership cannot be maintained; but insists that the partnership must be (1) settled and this issue must be presented in an action for a settlement of the partnership affairs; (2) insists that the court erred in allowing the third amended petition seeking a settlement of the partnership affairs, to be filed, it being as he contends a departure not allowable under section 134 Civil Code; (3) that the amended petition did not cure the defects in the original petition nor relate back to the filing thereof; (4) that for the foregoing reasons the general order of attachment issued at the time of the filing of the petition should have been sustained; (5) the court erred in refusing to permit the administrator of G. W. Neel to file his petition to be made a party; (6) appellant is entitled to be adjudged a homestead in the lands which descended to him from his father's estate.

It must be admitted that one partner cannot maintain a suit on a debt arising out of the partnership against another member of the firm while the partnership is carrying on; but if a suit be brought by one partner against another upon a debt growing out of the partnership which is defunct, we see no reason why additional averments may not be made by way of amended petition which would justify a settlement of the partnership affairs; nor why this should not be permitted under section 134, Civil Code, in the interest of justice, for that section of the Code specifically requires that the court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party.

The petition as amended did present a cause of action in favor of the plaintiff against the defendant not only to recover $510.56 but for the settlement of the affairs of the partnership; that being true, it would have been error on the part of the trial court to discharge the attachment which had been levied on the lands of appellant.

As appellant, Neel, owned and resided in a house and lot at Whitesville, some distance away from the lands in

question and had never resided upon these lands, he cannot claim homestead therein.

It is insisted, however, that as between the appellees and the administrator the claim of the latter is to be preferred, for it is said that the heir took the land subject to such indebtedness as was due by him to the estate of his father. The general rule is, that the debt due by the heir to the ancestor's estate cannot be adjudged a prior lien upon the real estate, nor can it be said that the real estate descends to the heir burdened with his debt to the estate. 18 C. J., pp. 883 and 967. The distributive share of the real estate of an heir debtor to the estate of his ancestor is not chargeable with such indebtedness, either as land or as the proceeds thereof in the hands of the administrator. 4 L. R. A. (N. S.) 189. One of the best statements of the principle we have found is in Marvin v. Bowlby (Mich.), 4 L. R. A., p. 189, where it is said: "It is a recognized doctrine that the distributive share derived from personal property of an heir indebted to an estate may be retained by the administrator in payment of such debt. This same doctrine has also been applied to a debtor legatee by an unbroken line of authorities from the earliest English decisions to the present time. The doctrine is founded upon principle as well as upon authority. It is, in fact, the collection of a debt due the the estate. Personal estate is assets in the hands of the administrator. He is required by law to convert personal property into money, to collect all debts due the estate from all debtors, including heirs. The heir has no title or claim to personal estate except a distributive share in the surplus after payment of debts and expenses of administrations.

"No such doctrine has prevailed as to real estate. The title to the real estate vests in the heir at the date of the death of the ancestor. Real estate is not assets in the hands of a personal representative, and unless otherwise charged by the terms of a will, is subject only to the contingency of a sale of so much thereof as may be necessary to pay the debts of the estate in case there is not sufficient personal estate for that purpose. The statutory contingency is a modification of the common law, and no sale of real estate to pay debts of the estate could be made before this modification. It has been held repeatedly not only that no sale of real estate can be made except for this purpose, but also that only so much of the real estate can be sold as that where, because of the indi-

visibility of real estate, the whole must be sold, the surplus, by the doctrine of equitable conversion is considered as real estate, and as such goes to the heirs. There is one recognized exception to the general rule above stated. Indebtedness of the heir to the estate which may be held as an advancement in the division of real estate among heirs.''

In the case of Scobee, etc. v. Bridges, etc., 87 Ky. 427, we decided that the estate of the intestate descends to the heir free of any lien for debts due by the heir to the estate, the heir standing as any other creditor of the estate. Lexington Brewing Co. v. Hamon, 155 Ky. 715; Peoples Bank v. Barker, 14 Ky. L. Rep. 98; Marshall v. Strange, 10 Ky. L. Rep. 410.

We, therefore, conclude that as appellee levied their attachment upon the lands of appellant, Neel, which lands were subject to attachment before the administrator commenced his action on the note in favor of the estate, the attachment being prior in time to the execution levied under the judgment obtained by the administrator, created a prior lien in favor of appellees and superior to that of the administrator under the execution.     For these reasons the judgment must be affirmed.

Judgment affirmed.