Louis Meppen, Individually, and Louis Meppen, Executor of Last Will and Testament of Wilhelmina Meppen, Deceased, Appellant, v. Arthur Meppen et al., Appellees.

Gen. No. 9,932.

Heard in this court at the Octo-

ber term, 1943. Opinion filed February 16, 1944. Rehearing denied March 10, 1944. Leave to appeal and cer-. tificate of importance granted March 10, 1944.

CLYDE SMITH, of Dixon, for appellant.

WARNER & WARNER, of Dixon, for appellees; HENRY C. WARNER, of Dixon, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

Louis Meppen, in his own right, and Louis Meppen as executor of the last will and testament of Wilhelmina Meppen, deceased, filed a complaint in the circuit court of Lee county, Illinois, for partition of certain lands in said county. Arthur Meppen, William Meppen, Lucy Wadsworth, H. L. Wadsworth, Olive Meppen, Jessie Meppen, Olive Hart Meppen, Alice Meppen and Martha Meppen, as heirs of Wilhelmina Meppen, were made parties defendant to the suit. Louis Pitcher, Dement Schuler and Leonard G. Rorer, trustees of the City National Bank of Dixon, Illinois, were also made parties defendant to the suit.

The complaint alleges that Louis Meppen is entitled to one undivided one fourth of the premises; that Arthur Meppen is entitled to one undivided one fourth thereof; that Lucy Wadsworth is entitled to one undivided one fourth thereof, subject to the claim of Louis Meppen as executor of the last will and testament of Wilhelmina Meppen, deceased, on her note for the sum of $3,900 (secured by trust deed); that William Meppen is entitled to one undivided one fourth thereof, subject to the balance due on his note of $1,200 and subject to a certain mortgage dated January 17, 1928, given to secure Alice Meppen against loss because of having signed a note of said William Meppen to the City National Bank of Dixon, Illinois, as surety for the sum of $1,475 and subject also to the lien of

a judgment entered in the circuit court of Lee county, Illinois, on September 10, 1938, in favor of Louis Pitcher, Dement Schuler and Leonard G. Rorer, trustees of the City National Bank of Dixon, Illinois, a corporation, against W. H. Meppen and Alice Meppen for the sum of $1,175.06.

The complaint further alleges that said William Meppen is insolvent and said indebtedness to the estate secured by his note was an advancement, and the county court had so decided; that the share of Lucy Wadsworth in the assets of the estate of Wilhelmina Meppen is insufficient to offset her liability on her said note and the share of William Meppen in said assets is insufficient to offset his said indebtedness to said estate.

The plaintiffs pray for the partition of said real estate and that the indebtedness of William Meppen be declared to be a first lien upon his one-fourth interest, and prior and superior to, the lien of the judgment in favor of said Louis Pitcher et al., trustees, etc., and that upon a sale of said property the share of William Meppen shall be paid to Louis Meppen, as executor, to be administered in the county court, etc., and for general relief.

Louis Pitcher, Dement Schuler and Leonard G. Rorer, trustees, as aforesaid, appeared and moved, that the complaint of Louis Meppen, as executor of the last will and testament of Wilhelmina Meppen, deceased, be stricken and that he be dismissed as a party to this suit.

The court on July 17, 1943, ordered that the complaint of Louis Meppen, as executor of the last will and testament of Wilhelmina Meppen, deceased, be stricken and that he be dismissed as a party to this suit. This case is an appeal from that order.

The only question for our consideration is whether the trustees of the City National Bank of Dixon, Illinois, because of the judgment which they had procured against William Meppen in 1938, have a prior claim

on William Meppen's interest in the estate of his deceased mother, or whether the executor of the estate of Wilhelmina Meppen should first be paid the indebtedness which is owed by William Meppen to the estate, or should be deducted or charged against William Meppen's share in his mother's estate. It is insisted by the appellant that the executor has an equitable lien on the real estate devised to one who is indebted to an estate, and such lien is prior and superior to a lien of a judgment in favor of a creditor of such devisee, irrespective of the date of the judgment.

The second clause of said will is as follows: "I give, devise and bequeath unto my children, Lucy Wadsworth, Alice Meppen, William Meppen and Arthur Meppen, my residence in the City of Dixon, Illinois," then (follows a description of the property), together with the furnishings thereof, as an absolute estate in equal shares. The third paragraph is, "all the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath unto my children, Martha Meppen, Louis Meppen, Lucy Wadsworth, Alice Meppen, William Meppen and Arthur Meppen in equal parts as an absolute estate." The property involved in this litigation is conveyed to the heirs through the residuary clause of the will.

The appellant has filed a brief, which contains citations of many courts which support his contention that the executor's lien on William Meppen's interest in this estate, is superior to that of the appellees. The appellees have been diligent in citing many cases from various States which support their contention that their lien is superior to that of the executor. In the present case it is admitted that William Meppen is insolvent. It is difficult to find two cases where the facts are identical, but the facts in this appeal are very similar to those in the case of *Keever v. Hunter,* 62 Ohio St. 616, 57 N. E. 454. It is there stated: "It is not important whether, to secure equality in cases of this character, we adopt the doctrine of equitable set-

off, as has been done by some courts, or, for that purpose, regard the debt as an advancement, as has been done by others. The ground of decision is that it is inequitable, and at variance with the policy defined in our statutes, to permit one to share in an estate which is diminished by his default and to the prejudice of those whose rights are equal to his. A consideration of the provisions of our statutes adds force to the conclusion which Judge WOERNER has drawn from an analysis of the cases: 'The distinction between debts owing by an heir, and advancements made to him by the intestate, is sharply drawn. In some states debts so owing cannot be deducted from the share of the heir in the real estate, and from the personal estate only by way of set-off; but the true principle seems to be that a debt owing by an heir constitutes part of the assets of the estate, as much as that of any other debtor, for which he should account before he can be allowed to receive anything out of the other assets, and it is so held in the United States.' Woerner, Adm'r., par. 71.''

In the case of *Schultz v. Locke,* 204 Ia. 1127, 216 N. W. 617, the editor's notes as to the facts of the case are as follows: ''Where devisee was indebted to deceased, executor's right to offset debt against devisee's share in realty held superior to bank's lien rights against the realty, resulting from judgment obtained against devisee after testator's death. Action for partition of lands devised to children of testator. One of said devisees owed the estate. He was also indebted to a bank. The contest is between the executor and the bank. The court established the claim of the executor as a lien upon the share of said devisee, and the bank appeals.'' After a lengthy statement of the facts the court's opinion is as follows: ''In the instant case the question of an advancement to the devisee is not involved, and the debt cannot be treated as such. Neither is the right of retainer to be denied under the facts of this case, by reason of the fact that no men-

tion was made of the indebtedness of the devisee in the will of the testator. The indebtedness had been created but shortly before the will was made and only a few months before testator's death. The debt was well secured. It could not have been fairly anticipated by the testator that the debt would not be fully paid without any resort to the share of the devisee in the real estate of testator, and hence the failure to mention the debt in the will, under all the facts, is not controlling or vitally significant.

"The devisee is, however, insolvent, and the estate of decedent is unsettled. We think insolvency of the devisee, where the estate is open and there is no personal estate for distribution, is a recognized exception to the general rule, and one which, under our prior cases, we are disposed to follow. The case is pending in a court of equity, with all the parties in interest before it, and with issues calling for a determination of the rights of all parties. We have previously indicated our disposition to recognize an exception to the general rule in cases where the devisee was insolvent and was owing the estate, and to allow retainer against the share of the devisee in the real estate of decedent. We now definitely align ourselves with the authorities so holding and allow the retainer in the instant case.

"There is an extensive and valuable note on the interesting question involved in this case in the note to *Senneff v. Brackey,* as reported in 1 A. L. R. 978, and in a like note to *Woods v. Knotts,* in 30 A. L. R. 768. We hold that under the facts of this case the right of the executor to retainer or offset of the amount of the insolvent devisee's share in the real estate of the testator was superior to appellant's lien on said share." We have examined the cases referred to reported in A. L. R. and there find cases from many jurisdictions that support the rulings and opinon of the Iowa Supreme Court.

In the case of *Oxsheer v. Nave,* 90 Tex. 568, 40 S. W. 7, the facts in this case are very similar to the

*Meppen* case. The Supreme Court of Texas reviewed many cases from other jurisdictions and at the close of their opinion they use this language: ''The debt due by an heir to the estate is a part of the estate and like other assets, is subject to partition and distribution. The heir owing the debt must either pay it or take his share in the debt, or the debt, as a part of his share, as the case may be. All the courts, except those which adhere to the theory that it is a race of diligence between the administrator and other creditors of the heir who is indebted to the estate, hold that a creditor of such heir can acquire no better right in the estate than held by the heir himself. Since when the heir owes the estate more than the value of his share, and does not pay his debt, he has no interest in the other property of the estate, it necessarily follows, as we think that a creditor, by sale and purchase under judicial process of his nominal interest, can acquire no right in the property.''

The appellees in their brief have attempted to show that the cases cited by the appellant do not apply to this case, as the facts are different. It must be conceded that in each case the facts are different, but they are very similar and the law, as stated by the various courts is applicable to the facts in this case. We are aware that courts of other States have announced a different rule, but it seems to us the better rule is the one that is announced in the cases from which we have quoted.

It is our conclusion that the interest that William Meppen takes in his mother's estate is subject to the lien, of the debt he owed the estate, and the estate had a prior claim for the payment of that debt before a judgment creditor could have any claim against his share in the estate.

The judgment of the trial court is reversed and the cause remanded to that court.

*Reversed and remanded.*