(No. 29142.—

Louis Meppen, individually and as executor, Appellee, *vs.*
Arthur Meppen *et al.*—(Louis Pitcher *et al.,* Appellants.)

*Opinion filed November 21, 1945.*

Warner & Warner, (Henry C. Warner, of counsel,) both of Dixon, for appellants.

Clyde Smith, of Dixon, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

In this cause the Appellate Court affirmed a decree of the circuit court of Lee county (326 Ill. App. 83) and the judges being of the opinion that the questions involved were of such importance that they should be passed upon by this court, granted leave to appeal. The facts are not in dispute. On February 14, 1932, William Meppen executed a promissory note payable to his mother, Wilhelmina Meppen, for $1200. The note was due in one year without interest. It was in the usual form of a promissory note with a power of attorney to confess judgment attached. Wilhelmina Meppen died testate May 8, 1932. Her will, dated December 7, 1926, was admitted to probate and letters testamentary issued to plaintiff, Louis Meppen, on June 11, 1932. The second clause of the will devised to four of testatrix's children, including William Meppen, a residence property in Dixon. It gave them estates absolute and in equal shares. The third clause disposed of the residue, giving it in equal shares to the four children named in the second clause and two other children. The only real estate involved in this case is the residence property devised under the second clause. The will did not give the executor any powers in reference to the real estate. The inventory listed the William Meppen note. A notation appeared in the inventory following a description of

the note, as follows: "This note was given as an advancement without intention of collecting the same but to be deducted from the share of the maker." The note bears the endorsement, "Sum of $549.84 by order of Court." It appears that after the will was admitted to probate, the property devised in the second clause was rented and that after taxes and other items were deducted there was a balance for distribution. The executor had collected the rents and on August 18, 1942, he applied to the county court for an order of distribution. The order was entered and directed that William's share of the rent, of $549.84, be entered as a credit on his note.

On September 10, 1938, defendant trustees of the City National Bank obtained a judgment against William Meppen by confession on a note held by them. The judgment was for $1175. Execution was issued two days after the judgment was entered and on January 5, 1939, returned "no property found." Several *alias* executions were issued and all returned unsatisfied.

On February 17, 1943, Louis Meppen, one of the beneficiaries in each clause of the will, started this suit individually and in his representative capacity as executor. The action had a two-fold purpose, namely: to partition the real estate devised in the second clause, and, as executor, plaintiff sought to apply William Meppen's interest in the real estate to the payment of his note held by the executor. Defendant trustees were made parties defendant. They contended their judgment against William Meppen was a· lien on his share in the real estate and that it was prior to any claim of the executor. If the collection may be made as contended by plaintiff, the amount so received would become a part of the residuary fund and distributable under the residuary clause of the will. It is conceded William Meppen is insolvent and that the personal assets of the Wilhelmina Meppen estate are sufficient to pay all debts and claims against it, and that William's interest in the

real estate does not equal the amount he owes the estate and the amount due on defendants' judgment.

Defendants moved to dismiss the complaint as to the claim of the executor. The chancellor allowed the motion but on appeal the Appellate Court reversed the order and remanded the cause with directions to overrule the motion. (321 Ill. App. 566.) Thereafter, defendants filed an answer, evidence was heard and decree entered granting plaintiff, as executor, the relief prayed. The prayer for partition was also allowed but that is not in issue. On appeal to the Appellate Court the decree was affirmed. This appeal followed.

The question is whether plaintiff, in his capacity as executor of the Wilhelmina Meppen will, has an equitable lien on William Meppen's undivided one-fourth interest in the real estate which is the subject of partition and if he has a lien or claim, whether it has priority over defendants' judgment. We are not concerned with conflict of interests that may exist between the executor and William Meppen and any reference to the interest or lack of interest which the executor has in William's share of the real estate is by reason of the necessity of determining the character of the executor's interest, and not for the purpose of fixing rights between him and William as a debtor of the estate. It may be conceded that William Meppen's estate in the land involved was such that it could be subjected to judgment and execution sale. It may be also conceded that defendants did all that was necessary under the statute to perfect a judgment lien.

The first point is as to the effect of the notation contained in the inventory. Plaintiff contends that the notation that William's note was an advancement was notice to defendants that he, as executor, held a claim against William's interest in the real estate and that defendants took their judgment and perfected their lien with notice of his claim. The contention is without merit. In the

first place, the term "advancement" has a technical meaning when used in connection with the distribution of property of a deceased person to a child or heir and in its technical sense is applicable only to intestate estates. (*Alward* v. *Woodard*, 315 Ill. 150.) 'Section 15 of the Probate Act (Ill. Rev. Stat. 1943, chap. 3, par. 166,) refers to advancements where the decedent died intestate. It directs that a gift is not an advancement in cases of intestacy unless the decedent has so expressed in writing, or has acknowledged in writing to the donee that it is an advancement. The distinction the statute makes between testate and intestate estates is obvious. If there is a will, it expresses the testator's intentions, and it is the writing which serves as a guide to determine whether it is a gift or an advancement. If it is silent as to the gift being an advancement, it will not be so regarded. Contra, if the testator has applied the term "advancement" to money or property given by him to one or more of his children and directs that it shall be treated as an advancement and deducted from the child's share under the will, the terms of the will will be enforced against his legatees and devisees so that the intention of the testator may be carried out. (*Alward* v. *Woodard*, 315 Ill. 150.) The will in this case does not direct that any money or property which testatrix might have transferred to any of her children should be treated as an advancement and, in the absence of such direction, the note that William gave his mother will be treated as evidencing a loan to him. The executor was powerless to convert a note evidencing a loan into a gift with the characteristics of an advancement. Plaintiff says the inventory notation was binding on William and is therefore binding on his judgment creditors, they having no greater rights than William would have. It was not possible for the executor *ex parte* to make a notation in the inventory which would transpose a loan transaction into an advancement. The controlling

factor in determining whether a transfer of property from a parent to a child or heir is an advancement, is the intent with which it is done. In cases of intestacy it is the written intent of the donor that controls. In cases where the terms and principle of advancement are used in a will, it is the intent of the testator as expressed in the will. If such intent is not expressed in the will, the executor, as in this case, would have no power to supply it.

The law of this State is that the real estate of which a decedent dies seized descends directly to the devisees and that the executor takes no title or right of possession or interest therein unless the will by express or necessary implication so provides. (*Anderson* v. *Shepard,* 285 Ill. 544; *Emmerson* v. *Merritt,* 249 Ill. 538.) The rule is different as to personal assets of the estate, for then the executor takes possession and holds a right therein. In determining the right of an executor to apply a legacy in his hands to the indebtedness of the legatee to the estate, this court has recognized that it is permissible by reason of the interest the executor has in the personal assets. In *Jeffers* v. *Jeffers,* 139 Ill. 368, the plaintiffs asked for partition of real estate which had been devised to them by the father's will. They also asked that the indebtedness which certain beneficiaries owed the testator be computed and charged to their share. It was held that the adjustment of the indebtedness of the heirs could not be accomplished in that case but in recognition of the right of an executor to apply a legacy to the debt of the legatee it was said: "It is undoubtedly true that where a legacy or bequest is left to the testator's debtor, the indebtedness may be taken out of the legacy, for the reason, as is said, 'the legatee's demand is in respect of the testator's assets, without which the executor is not liable, and therefore the legatee in such case is considered by a court of equity to have so much of the assets already in his hands as the debt amounts to,

and consequently to be satisfied *pro tanto.'*" For direct application of the principle, see *Fleming* v. *Yeazel,* 379 Ill. 343.

Courts of other jurisdictions unanimously agree upon the right of an executor to apply a legacy to a debt owed by the legatee to the estate but they are not in accord in applying the principle to a devise of real estate. In some States, the State statute gives an executor a right in the lands during the administration of the estate, so that he has an interest in the land devised. In those States it has been held that an executor may apply a devisee's interest in real estate to the payment of the devisee's debt to the estate. *In re Dayton's Estate,* 173 Okla. 180, 46 Pac. 2d 933; *Stenson* v. *Halvorson Co.* 28 N. D. 151, 147 N. W. 800.

Plaintiff relies upon a class of cases from other jurisdictions which places the right of the executor to retain the devisee's interest upon an equitable ground. In those cases the court invoked the principle that equity will protect other beneficiaries against the acts of the devisee and the claims of the devisee's creditors so that there can be an even and equitable distribution of the property among the beneficiaries. In some of the cases it is said that the application of the principle is necessary to carry out the intent of the testator to make an even distribution and do equity among the beneficiaries. Some of such cases are *Keever* v. *Hunter,* 62 Ohio St. 616, 57 N. E. 454; *Oxsheer* v. *Nave,* 90 Tex. 568, 40 S. W. 7; *Schultz* v. *Lock,* 204 Iowa, 1127, 216 N. W. 617.

The cases which support defendants' position apply the principle that before an executor may set off a devise against the debt of the devisee, he must have some right of retainer in the real estate devised. In *La Foy* v. *La Foy,* 43 N. J. Eq. 206, 10 Atl. 266, in comparing the right of setoff as is allowed in personal property to the right of an executor to retain a devise to a debtor devisee, the court

said: "The devisee of lands occupies no such relation to the executor as that which exists between legatee and executor. No act is necessary on the part of the executor to put the devisee in full enjoyment of the estate devised. The opportunity, therefore, could not arise for the executor to retain the debt of the devisee to the estate out of any demand which the devisee might seek to enforce against the executor. If such a charge attaches against the land devised, it would be necessary for the executor to establish it by proceedings in which he is the actor. After diligent search, we have been unable to find a case in which the attempt has been made to charge a devisee of lands with a debt due from the devisee to the testator in the absence of language in the testator's will manifesting the purpose of the testator to do so. * * * In the absence of language in the testator's will to that effect, there is no authority for charging the devisee's debt upon land devised to him."

By application of the principle announced in the *La Foy case,* courts of other States have arrived at the same conclusion. (*Neel* v. *Compton,* 201 Ky. 1, 255 S.W. 840; *Marvin* v. *Bowlby,* 142 Mich. 245, 105 N.W. 751; *Stanton* v. *Stanton,* 134 Neb. 660, 279 N. W. 336; *Jones* v. *Treadwell,* 169 Mass. 430, 48 N.E. 339; *Wheeler & Motter Mercantile Co.* v. *Knox,* 136 Ark. 95, 206 S.W. 46; *Bruce* v. *Farrar,* 156 Va. 542, 158 S.E. 856.) For a full analysis of cases bearing upon this question see annotations, 1 A.L.R. 991, 30 A.L.R. 775.

The great weight of authority supports the proposition that an executor, who has no right or interest in the real estate by virtue of the terms of the will, may not withhold a devise to set off against it the debt of the devisee to the estate. We believe these cases are sound in principle and are in accord with holdings of this court on somewhat similar questions. Therefore, we hold that plaintiff as executor would not have any lien on William Mep-

pen's interest in the real estate, the subject of this partition. He had a claim which he could have reduced to judgment, but having failed to do so, the judgment lien of the defendants has priority.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court, with directions to proceed in accordance with the views expressed.

*Reversed and remanded, with directions.*