933 F.2d 1014
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Nancy J. GUMM, Ellen Gumm Bailey, f.k.a., Ellen Gumm Reuben,
Petitioner/Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent/Appellee.
 No. 90-70100.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1991.*
Decided May 29, 1991.
 Before PREGERSON, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The tax court held Ellen Gumm Bailey liable for the federal estate tax deficiency of the estate of Martha O'Hair Kirsten. The tax court based liability on section 6901 of the Internal Revenue Code of 1954, which provides for the liability of a transferee of estate property if recovery could be had from a transferee under state law. Bailey contests this application of transferee liability. She contends liability cannot attach because the transfer of property to her did not render the estate insolvent, and the Commissioner of Internal Revenue (the "Commissioner") did not make all reasonable efforts to collect the deficiency directly from the estate or show that further collection efforts would be futile. We affirm the tax court's decision.
 
 FACTS
 
 3
 The tax court's opinion provides a complete recital of the undisputed facts, which need be only briefly summarized here. Martha O'Hair Kirsten died testate on May 19, 1980. Her will was admitted to probate in the Fifth Judicial Circuit, Edgar County, Illinois. The probate court appointed Bailey's brother, Dr. Richard Gumm, executor of the estate.
 
 
 4
 For various reasons, the estate's federal tax liability has never been paid in full. After trying unsuccessfully to collect the tax deficiency from the estate, the Commissioner issued a timely notice of transferee liability to each individual receiving property from the estate. Bailey, among others, received property from the estate in excess of the estate tax deficiency. The tax court upheld the Commissioner's assessment against Bailey as transferee, and this appeal followed.
 
 DISCUSSION
 
 5
 Section 6901(a) of the Internal Revenue Code of 1954 provides in pertinent part that "the liability, at law or in equity, of a transferee of property" shall "be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred."[1] 26 U.S.C. Sec. 6901(a) (1954). Section 6901 merely provides a procedure for the collection of an existing tax liability: it does not on its own create the liability. Instead, state law governs the existence of transferee liability under section 6901. Edelson v. Commissioner, 829 F.2d 828, 833 (9th Cir.1987). Bailey does not dispute the fact that Illinois law provides for transferee liability. See Berliant v. Commissioner, 729 F.2d 496, 500 (7th Cir.1984) ("[a]s a matter of equity, Illinois has long imposed on estate transferees liability to creditors of the estate"), cert. denied, 469 U.S. 852 (1984); Union Trust Co. v. Shoemaker, 258 Ill. 564, 572, 101 N.E. 1050, 1053 (1913) ("[i]t is an established doctrine of equity that creditors who have not been guilty of laches may pursue the assets into the hands of distributees, where distribution has been made without discharging their debts").
 
 
 6
 The tax court's opinion listed the prerequisites for finding transferee liability under section 6901(a). The tax court required the Commissioner to show:
 
 
 7
 (1) [t]hat the alleged transferee received property of the transferor; (2) that the transfer was made without consideration or for less than adequate consideration; (3) that the transfer was made during or after the period for which the tax liability of the transferor accrued; (4) that the transferor was insolvent prior to or because of the transfer of property or that the transfer of property was one of a series of distributions of property that resulted in the insolvency of the transferor; (5) that all reasonable efforts to collect from the transferor were made and that further collection efforts would be futile; and (6) the value of the transferred property (which determines the limit of the transferee's liability).
 
 
 8
 Gumm v. Commissioner, No. 12586-85 at 10 (October 11, 1989) (citations omitted).
 
 
 9
 Bailey first contends the tax court erred when it found "that the transferor was insolvent prior to or because of the transfer of property...." Bailey correctly notes that, under Illinois law, title to real property passing under a will generally vests in the devisee at the time of the testator's death. Meppen v. Meppen, 392 Ill. 30, 63 N.E.2d 755, 757 (1945). Because the estate did not become insolvent until 1982 at the earliest, Bailey concludes transferee liability cannot attach.
 
 
 10
 We need not reach the merits of Bailey's argument because Illinois law does not require that an estate be rendered insolvent before holding transferees liable for the estate's undischarged debts. Under Illinois law, a transfer or devise of property from an estate does not transfer full title to the transferee until the debts of the estate are fully discharged. Peters v. Peters, 342 Ill.App. 270, 276-77, 96 N.E.2d 369, 372 (1950); Ill.Ann.Stat. Ch. 110 1/2, par. 18-14 (Smith-Hurd 1978). A transferee has "no just claim to the land until the indebtedness of his ancestor is fully discharged." Peters, 342 Ill.App. at 276-77. We therefore hold that the transfer which the Commissioner seeks to pursue into Bailey's hands need not have rendered the estate insolvent or occurred after the estate was already insolvent. Instead, the Commissioner can use section 6901 to recover under Illinois law any transferred property in the hands of a transferee where the estate has not discharged its full tax liability. Cf. Edelson, 829 F.2d at 834 (insolvency need not be shown when proceeding under section 6901 where New Jersey law does not require showing of insolvency before imposing transferee liability).
 
 
 11
 Bailey next argues the tax court erred when it found the Commissioner had made all reasonable efforts to collect the federal tax deficiency from the estate and that further collection efforts would be futile. Bailey alleges Dr. Gumm breached his fiduciary duties to the estate, and the estate therefore possesses a chose in action for the recovery of estate funds squandered by Dr. Gumm. Bailey argues the Commissioner must, before assessing liability against transferees, pursue the estate's claims against Dr. Gumm.
 
 
 12
 The mere fact that the estate may proceed against Dr. Gumm does not mean the Commissioner is required to do so before attempting to collect the federal tax deficiency from a transferee. Wilcox v. Commissioner, 16 T.C. 572 (1951), aff'd per curiam sub nom., Bosworth v. Commissioner, 194 F.2d 102 (2d Cir.1952). As the tax court opined in Hamar v. Commissioner, " '[w]hatever ... rights to indemnification ... [may exist], the government is not required, in collecting its revenue, to litigate such rights or to collect from such third person
 
 
 13
 ....' " 42 T.C. 867, 876 (1964) (quoting Coca-Cola Bottling Co. of Tucson, Inc. v. Commissioner, 37 T.C. 1006, 1013, aff'd, 334 F.2d 875 (9th Cir.1964)). The Commissioner may legitimately use the summary procedure provided by section 6901 to collect taxes from the transferee rather than involving the government in protracted litigation as a condition precedent to recovering the federal tax deficiency. Cf. Phillips v. Commissioner, 283 U.S. 589, 594-96 (1931) (Congress may provide for summary procedures to facilitate collection of revenue).
 
 
 14
 The tax court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The taxable year in this case predates the Tax Reform Act of 1986, Pub.L. No. 99-514, 100 Stat. 2085. All citations are therefore to the "Internal Revenue Code of 1954" rather than to the "Internal Revenue Code of 1986."